## NATIONAL LABOR RELATIONS BOARD v. STOCKER MFG. CO.

### No. 10262.

United States Court of Appeals
Third Circuit.

Argued Oct. 20, 1950.

Decided Nov. 28, 1950.

452

Counsel, A. Norman Somers, Assistant General Counsel, Owsley Vose, Samuel M. Singer and William Egan Colby, Attorneys, National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

Milford Salny, Netcong, N. J., for respondent.

Before BIGGS, Chief Judge, and KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

On the merits, this petition for enforcement of an order of the National Labor Relations Board, restraining interference by an employer with its employees' choice of a bargaining agent and directing restoration to duty of an employee found to have been dismissed for union activities, presents no new or unsettled question. The findings of the Board are adequately supported by substantial evidence and the directions contained in the Board's order are of familiar character and entirely appropriate. The petition would be granted without additional comment but for an important procedural question.

The testimony in this case was received by a trial examiner who died before he could prepare a report. The Board then designated another trial examiner who was not present at the hearing to prepare an intermediate report. He did so submitting findings and recommendations based upon the transcribed hearing record. Thereafter, the Board itself considered the entire record, including the intermediate report and exceptions thereto. In due course, the Board made its own findings and entered the order which is now before us for enforcement.

We have to decide whether this procedure constituted either a denial of that due process of law required by the Fifth Amendment or a violation of any applicable procedural statute.

At the outset, it should be emphasized, as this court has heretofore pointed

Ramey Donovan, Washington, D. C. (David P. Findling, Associate General out with reference to the procedure of the

National Labor Relations Board,[1] that the findings and recommendations of the trial examiner which constitute the intermediate report are merely advisory, and that the Board makes an original disposition of the issues contested by the respondent on the basis of its own study of the record without any obligation to follow the intermediate report. That the Board so acted in this case is not disputed.

We think the decision of the Supreme Court in National Labor Relations Board v. Mackay Radio & Telegraph Co., 1938, 304 U.S. 333, 58 S.Ct. 904, 82 L.Ed. 1381, requires the conclusion that respondents here have been accorded due process of law. In the Mackay case, a trial examiner had taken testimony. Thereafter, oral argument was heard by the National Labor Relations Board itself. No intermediate report was submitted by the examiner. Acting solely upon the transcribed record, the Board made findings and issued an order against the employer. The Supreme Court held this procedure to be due process of law within the meaning of the Fifth Amendment.

■■ Also relevant is the commentary of Chief Justice Hughes in Morgan v. United States, 1936, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288, with reference to the procedural latitude which is permissible in administrative proceedings of this general character: "Assistants may prosecute inquiries. Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates. Argument may be oral or written. The requirements are not technical. But there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them." 298 U.S. at pages 481-482, 56 S.Ct. at page 912.

The doctrine of these cases clearly permits the Board to make its findings and predicate its orders upon the written record without hearing the witnesses testify or availing itself of findings and recommendations prepared by the officer who heard and observed the witnesses testify. Under the Mackay case, due process permits dispensing with the hearing examiner's report altogether. The Morgan opinion says that the officer who actually decides the controversy may do so on the basis of evidence taken by an examiner and thereafter sifted and analyzed by some other subordinate. Due process in administrative proceedings of the type now under consideration does not require that the testimony be evaluated by an officer who heard and observed the witnesses.

The answer to the remaining question, whether the procedure in this case has been consistent with applicable statutes, depends upon language of the "Labor-Management Relations Act, 1947"[2] and the "Administrative Procedure Act".[3] In pertinent part, the Labor-Management Relations Act prescribes National Labor Relations Board procedure as follows: "The testimony taken by [the examiner] * * shall be reduced to writing and filed with the Board. * * * upon the preponderance of the testimony taken * * * the Board shall state its findings of fact and shall issue and cause to be served on such person an order * * *. In case the evidence is presented * * * before an examiner * * * such examiner * * shall issue and caused to be served on the parties to the proceeding a proposed report, together with a recommended order, which shall be filed with the Board, and if no exceptions are filed within twenty days after service thereof upon such parties, or within such further period as the Board may authorize, such recommended order shall become the order of the Board and become effective as therein prescribed."[4]

■ The above-quoted statutory provision for a trial examiner's report did

1. See N. L. R. B. v. Botany Worsted Mills, 3d Cir., 1943, 133 F.2d 876, 882.

2. 29 U.S.C.A. §§ 151–167.

3. 5 U.S.C.A. §§ 1001–1011.

4. 29 U.S.C.A. § 160(c).

not appear in the National Labor Relations Act before 1947 although the submission of such reports was established procedure. See General Rules and Regulations of the National Labor Relations Board effective July 14, 1939, §§ 202.32, 202.33, 4 Federal Register p. 3138. On its face, the statutory provision for an intermediate report appears to be designed primarily to avoid the necessity of independent examination of the record by the Board unless the party adversely affected by the examiner's recommendations shall file objection thereto. But if such objection is made, the Board retains its normal obligation to examine the record and reach its own independent conclusions. Because the function and significance of the intermediate report are thus limited, we think no fatal variance from prescribed normal procedure has occurred in the preparation of an intermediate report by a person other than the examiner, since deceased, who heard the testimony.

Before the Labor Management Relations Act made statutory provision for intermediate reports in proceedings under the National Labor Relations Act, the Administrative Procedure Act regulated all administrative proceedings of this type. Section 5(c) of that Act resolves the problem of this case by stipulating that "The same officers who preside at the reception of evidence * * * shall make the recommended decision * * * except where such officers become unavailable to the agency." 5 U.S.C.A. § 1004(c). We read this language as plain authority for the submission of recommendations by a person other than the examiner who presides at the hearing and has subsequently become unavailable because of death.

Although the Labor-Management Relations Act was enacted later, we think the apparent purpose of the intermediate report requirement in that Act enables the relevant provisions of the two statutes to stand together. Moreover, Section 12 of the Administrative Procedure Act provides that "No subsequent legislation shall be held to supersede or modify the provisions of this chapter except to the extent that such legislation shall do so expressly". 5 U.S.C.A. § 1011.

We are satisfied that the procedure in this case was consistent with the applicable statutes.

The petition of the Board will be granted.