TEXTILE WORKERS UNION OF AMERICA, AFL-CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

Roselle Shoe Corporation, Harry A. Lebowitz, Charles Rosenthal and Balfi Shoe Company, Inc., Intervenors.

No. 16057.

United States Court of Appeals District of Columbia Circuit.

Argued May 26, 1961.

Decided July 27, 1961.

Mr. Edward Wynne, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Benjamin Wyle, New York City, was on the brief, for petitioner. Mr. Jerry D. Anker, Washington, D. C., also entered an appearance for petitioner.

Mr. Allison W. Brown, Jr., Atty., N. L. R. B., with whom Messrs. Stuart Rothman, Gen. Counsel, N. L. R. B., Dominick L. Manoli, Associate Gen. Counsel, N. L. R. B., and Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., were on the brief, for respondent.

Miss Helen F. Humphrey, Washington, D. C., for intervenors.

Before BAZELON, FAHY and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

The Textile Workers Union of America, AFL-CIO, petitions this court to review and set aside an order of the National Labor Relations Board against

1. Cf. Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469; Rizzi v. Murff, D.C.S.D. N.Y.1959, 171 F.Supp. 362.

Roselle Shoe Corporation, Harry A. Lebo- witz, Charles Rosenthal, and Balfi Shoe Company, Incorporated, employers who were respondents before the Board and are intervenors in this court. The Un- ion was the charging party in an unfair labor practice proceeding against inter- venors. The Board investigated the charges and issued its complaint. Prior to a hearing on the complaint a stipula- tion was entered into between the Board's General Counsel and intervenors. The order was entered on the basis of this stipulation, which gave no reasons for its terms, merely stating them. The Union objected to the proposed order be- fore its entry and requested a hearing on its objections, which was refused.

The Board contends that the con- sent of the charging party is not essen- tial to settlement of an unfair labor prac- tice proceeding. We may well agree, since the selection of cases to be pursued to the end through adversary proceedings is a responsibility of the Board.[1] A sub- sidiary principle and, as it might be de- scribed, a built-in if not an inherent characteristic of the appropriate admin- istration of the Labor Act permits the Board to settle controversies within its jurisdiction. See Wallace Corp. v. N. L. R. B., 323 U.S. 248, 253–254, 65 S.Ct. 238, 89 L.Ed. 216.

Our problem, however, is a more difficult and narrower one. It is whether in the circumstances of this case, though assuming that the charging party may not veto a settlement arranged between the General Counsel and a respondent to a Board complaint, the charging party nevertheless should have been heard on whether or not the Board should enter the order.

In Marine Engineers' Beneficial Ass'n v. N. L. R. B., 3 Cir., 1953, 202 F.2d 546, certiorari denied 346 U.S. 819, 74 S.Ct. 32, 98 L.Ed. 345, it is held that once the Board has issued its complaint the charg- ing party is entitled to a hearing as to whether the Board should conclude the proceeding on the basis of a stipulation for a consent order. The opinion analyz- es the status of the charging party under the Labor Act and the rules of the Board and rests in part also upon the provisions of the Administrative Procedure Act.[2] Cf. International Union of Electrical Workers v. N. L. R. B., 110 U.S.App.D.C. 91, 289 F.2d 757.

We are disinclined to bring the present case within the broad scope, as it seems to us, of Marine Engineers and hold that because it was the charging party the Union, without more, was entitled to the hearing it sought. No provision in the statute so provides, and the rules of the Board are not clear about the matter. Section 102.8 [3] of the rules does explicitly class "any person filing a charge" as a "party." [4] And section 101.9, entitled "Settlement after issuance of complaint" provides:

> * * * and (2) to the extent that the parties are unable so to determine any controversy by consent, hearing, and deci- sion upon notice and in conformity with sections 1006 and 1007 of this title.' Section 6(a), 5 U.S.C.A. § 1005(a), pro- vides: ' * * * Every party shall be accorded the right to appear in person * * * in any agency proceeding.' " 202 F.2d at page 549.

---

1. See Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738. Additionally, the Court recognized that under section 10(f) of the Wagner Act, 49 Stat. 455 (1935), as amended, 29 U.S.C.A. § 160(f) (1958), a private person could contest a final or- der of the Board. 309 U.S. at page 266, 60 S.Ct. 561. The Board does not con- tend that under the similar provisions of the present statute the Union may not contest the validity of the consent order.

2. The court said:
   "We think, too, that the requirements of the Administrative Procedure Act are in point. Section 5(b), 5 U.S.C.A. § 1004 (b), provides: 'The agency shall afford all interested parties opportunity for (1) the submission and consideration of facts

3. 29 C.F.R. § 102.8 (Supp.1961).

4. This rule goes on to state, "[N]othing herein shall be construed to prevent the Board or its designated agent from limit- ing any party to participate in the pro- ceedings to the extent of his interest only," a provision which we think has no application to this case.

"(a) Even though formal proceedings have begun, the parties again have full opportunity at every stage to dispose of the case by amicable adjustment and in compliance with the law. Thus, after the complaint has been issued and a hearing scheduled or even begun, the attorney in charge of the case and the regional director afford all parties every opportunity for the submission and consideration of facts, argument, offers of settlement, or proposals of adjustment, except where time, the nature of the proceeding, and the public interest do not permit.

"(b) All settlement stipulations which provide for the entry of an order by the Board are subject to the approval of the Board in Washington, D.C. If the settlement provides for the entry of an order by the Board, the parties agree to waive their right to hearing and agree further that the Board may issue an order requiring the respondent to take action appropriate to the terms of the adjustment. Usually the settlement stipulation also contains the respondent's consent to the Board's application for the entry of a decree by the appropriate circuit court of appeals enforcing the Board's order." [5]

These, the only regulations of which we are aware dealing with settlement after issuance of a complaint, seem to contemplate (1) amicable adjustment by the parties, and (2) opportunity to the parties for the submission and consideration of facts, argument, offers of settlement, or proposals of adjustment, except when time, the nature of the proceeding, and the public interest do not permit— exceptions not here relied upon by the Board. The provision of section 101.9 (b) for waiver of the right to hearing plainly applies only where the parties have consented to a settlement. The charging party has not done so in our case.

It may be argued that these rules express a Board policy that a settlement after issuance of a complaint is to be on consent of the parties, which would include the charging party. But this is not entirely clear and we are unwilling to impose upon the Board this interpretation of ambiguous rules in this important area of its responsibilities. If the problem is to be resolved by reference to Board rules the wise course for the court is to await a clearer formulation of the Board's own position through its rules. Yet something clear and relevant does appear from the present rules, namely, that the charging party, even though he may not veto a settlement, is given the opportunity for submission of facts and argument, and is recognized as having a substantial part in assisting the Board in fulfilling its public responsibilities.

In the case before us it does not appear from the record that the Union was brought into the negotiations which led to the stipulation upon which alone the consent order is rested. Nor, when its protest and objections were filed [6] does it appear on what basis they were considered. All we have is a footnote to the Board's decision, reading as follows:

"On July 29, 1960, Textile Workers Union of America, AFL-CIO, herein called the Charging Party, filed objections to the Stipulation, and requested a hearing. On September 12, 1960, the Charging Party filed a brief in support of its objections. The objections and request for a hearing are denied as lacking in merit."

We do not learn from this why the objections and request for a hearing were lacking in merit. The case was a rather unusual and complicated one, in-

---

5. 29 C.F.R. § 101.9 (Supp.1961).

6. Though petitioner's objections and request for hearing thereon were filed with the Office of General Counsel, the Board has accepted them as properly before the Board itself.

volving a "run-away" shop. Detailed objections were filed claiming, inter alia, that the back pay provision was greatly inadequate in that the computation of the amount was based on improper dates, that the proposal to offer to employees jobs in a new location is such that it cannot practically be accepted, that certain limitations impressed on the terms of the order, e. g., that the offer of employment at the new location be accepted within five days, are unfair in the circumstances, and that the relief in various other respects works an undue hardship upon the employees.

No explanation is given in the decision, nor in the stipulation, in justification of the settlement. We have no means of evaluating the decision and order in light of the objections. We are asked to accept without question the Board's statement that the Union's objections and request for a hearing are without merit. If we could ascertain from the record their lack of merit on either some legal or some factual basis we could sustain the Board even though the Board has not articulated the basis for its action. But there is no record [7] upon which we can do this.

We are unwilling to lay down a general rule that in no circumstances, though the Board has issued a complaint, is the charging party to be heard on the question of acceptance by the Board of a settlement stipulated between the Board's General Counsel and a respondent employer. Regard must be had to the particular circumstances bearing upon whether or not there would be an abuse of discretion in entering a consent order without a hearing notwithstanding detailed and substantial objections and request for a hearing thereon. Here we cannot say the Board even considered the objections, except to hold there was no need to do so, for the "lacking in merit" footnote gives no light as to whether the Board thought there was a legal bar to their consideration or, after considering them, decided in the exercise of its discretion to approve the settlement. On the present review of the order we are not able to pass intelligently upon the Board's conclusion of lack of merit in the objections. There is neither evidence in the record nor explanation in the decision for the conclusion.

In this situation, and limiting ourselves to the circumstances of this case, we are of opinion the order cannot stand without either (1) a reasonable opportunity for the Union to be heard on its objections or (2) a presentation on the record of reasons for acceptance of the stipulation as the basis for the order notwithstanding the Union's objections—a presentation which in light of those objections would enable a reviewing court to make an intelligent decision as to whether the Board's action was within the broad discretion we recognize the Board possesses.

That the above procedure may be followed the order of the Board will be set aside and the case remanded for further proceedings consistent with this opinion, the reinstatement of the order, its modification, or other action of the Board with respect to it, to await such proceedings.

It is so ordered.

7. We refer to the allegation and the record as a whole, not to the Board's brief in this court.