**ESTATE of Russell Harrison VARIAN, etc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 21740.**

United States Court of Appeals Ninth Circuit.

June 21, 1968.

Certiorari Denied Nov. 25, 1968.
See 89 S.Ct. 402.

---

Paul E. Anderson (argued), Valentine Brookes, Richard A. Wilson, C. Henry Veit of Kent, Brookes & Anderson, Richard M. Leonard, of Leonard & Doyle, San Francisco, Cal., for appellant.

Thomas Silk, Jr. (argued), Lee A. Jackson, Johnathan S. Cohen, Attys., Department of Justice, Washington, D. C., Richard C. Pugh, Mitchell Rogovin, Asst. Atty. Gen., Tax Division, Department of Justice, Washington, D. C., Lester Uretz, Chief Counsel, Internal Revenue Service, Washington, D. C., for appellee.

Before BARNES, BROWNING, and ELY, Circuit Judges.

PER CURIAM:

This petition involves the federal inheritance tax on the estate of Russell Harrison Varian. Following the issuance of a statutory notice of deficiency by the Commissioner of Internal Revenue, the estate petitioned the Tax Court for a redetermination of that deficiency. Int.Rev.Code of 1954, § 6213. The estate now challenges an adverse decision of the Tax Court. Int.Rev.Code of 1954, § 7482. We affirm the decision, which is reported at 47 T.C. 34 (1966).

The petitioner's first contention is that it was denied due process when the full Tax Court reviewed the report of the court's division which had heard the trial and then substituted for it the contrary decision of the full court. The petitioner asserts that this procedure denied it due process of law "for the reason that the findings of fact were not made by the trial judge who heard

the witnesses, received the evidence and had an opportunity to observe the demeanor of the witnesses." [1] This contention is without merit.[2] See Int.Rev.Code of 1954, §§ 7444, 7458–60; Heim v. Commissioner of Internal Revenue, 251 F.2d 44 (8th Cir. 1958); Towers v. Commissioner of Internal Revenue, 247 F.2d 233 (2d Cir. 1957), cert. denied, 355 U.S. 914, 78 S.Ct. 343, 2 L.Ed.2d 274 (1958). The Supreme Court's statement that "[t]he one who decides must hear," Morgan v. United States, 298 U.S. 468, 481, 56 S.Ct. 906, 912, 80 L.Ed. 1288 (1936), means simply that the officer who makes the findings must have considered the evidence or argument. See Southern Garment Mfrs. Ass'n v. Fleming, 74 App.D.C. 228, 122 F.2d 622, 626 (1941).

■■ The principal issues raised are two in number: (1) Did the Tax Court err in holding that three identical irrevocable trusts created by the decedent and his wife for the benefit of their children were includible in the decedent's taxable estate under section 2038 of the Internal Revenue Code of 1954? (2) Was it clearly erroneous for the Tax Court to find that the likelihood of invasion of a charitable trust for the benefit of the decedent's children was not so remote as to be negligible? See Treas.Reg. § 20.2055–2. We agree with the Tax Court's application of section 2038, and we are unable to perceive clear error in the Tax Court's factual determination concerning the likelihood of invasion of the charitable trust. We invite attention to the Tax Court's decision, cited supra, wherein the two issues are fully discussed in the majority and dissenting opinions, both of which are well and carefully considered.

Affirmed.

---

1. In this case, in fact, the one judge who constituted the division which heard the case dissented from the final decision of the full court on all issues that are relevant here.

2. Equally without merit is the petitioner's contention, brought before us by a motion to augment the record, that the record on this appeal should include the original findings of fact and opinion of the division of the Tax Court which conducted the trial of the case. The Internal Revenue Code provides: "It shall be the duty of the Tax Court and of each division to include in its report upon any proceeding its findings of fact or opinion or memorandum opinions." Int.Rev. Code of 1954, § 7459(b). The Code further provides: "The report of a division shall not be a part of the record in any case in which the chief judge directs that such report shall be reviewed by the Tax Court." Int.Rev.Code of 1954, § 7460(b). The evident purpose of the latter provision is to preclude a two-tier "appellate" relationship between the full court and its divisions. This Congressionally established structure in no way lacks fundamental fairness. The motion to augment the record will therefore be denied in a separate order.