Estate of Charles M. Jacoby, Deceased, Billie Jean Hawkinson, Administratrix, W.W.A. v. Commissioner.
Estate of Jacoby v. Commissioner
Docket No. 2907-69.
United States Tax Court
T.C. Memo 1970-165; 1970 Tax Ct. Memo LEXIS 196; 29 T.C.M. (CCH) 737; T.C.M. (RIA) 70165; June 22, 1970, Filed Thomas E. King and Larry G. Shulz, 1200 City National Bank Bldg.,Kansas City, Mo., for the petitioner. Wayne A. Smith, for the respondent. *197 TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $5,953.84 in petitioner's estate tax. The sole issue remaining for our determination is the includability in the decedent's estate, pursuant to sections 2035 and 2038, [1] of shares of a closely held corporation and a bank account which the decedent transferred to himself as custodian for his minor grandson, pursuant to the Missouri Uniform Gifts to Minors Act. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner is the daughter of Charles M. Jacoby, who died on June 7, 1965, and the administratrix, W.W.A., of his estate. Her legal residence at the time of filing the petition herein was Kansas City, Missouri. The estate tax return was filed with the district director of internal revenue, St. Louis, Missouri. The decedent was survived by his third wife; one daughter by his second marriage, Billie Jean Hawkinson; and one grandson, Bruce Randall Hawkinson, born on May 16, 1948. There were no other surviving descendants. *198 Prior to July 29, 1963, the decedent owned 133 of the 135 outstanding shares of common stock of David Copperfield Apartments, Inc., located in Kansas City, Missouri. Billie Jean Hawkinson owned one share, and the remaining share was held in the name of Bruce Randall Hawkinson. On July 29, 1963, the decedent made a transfer of 33 shares of his common stock of David Copperfield Apartments, Inc., to himself as sole custodian for his grandson, pursuant to the Missouri Uniform Gifts to Minors Act. The decedent filed a United States Gift Tax Return for the year 1963 on account of this transfer. The decedent remained sole custodian of the stock and all income accruing therefrom (consisting of dividends) until his death on June 7, 1965. 738 This income was deposited in an account at the Park National Bank of Kansas City, Missouri, entitled, "Charles M. Jacoby as Custodian for Bruce Randy Hawkinson Under Missouri Uniform Gifts to Minors Act." The ledger sheets reflect expenditures from this account during the period February 1964 through May 1965 in the amount of $1,860.99. At the time of the decedent's death the account contained $1,709.01. The value of the 33 shares of stock of *199 David Copperfield Apartments, Inc., held by decedent as custodian for his grandson, was $30,426 at the time of his death. Opinion The issue herein is the includability in the decedent's estate of stock and a bank account, consisting of funds accumulated from dividends on that stock, held by the decedent at the time of his death as custodian for the benefit of his minor grandson pursuant to the Missouri Uniform Gifts to Minors Act. Respondent relies upon both sections 2035 and 2038[2] with respect to the inclusion of stock, and solely upon section 2038 with respect to the inclusion of the bank account. *200 We have recently faced this legal question with respect to section 2038 in Dorothy Stuit, Transferee, 54 T.C. 580 (March 24, 1970), which involved the application of the Illinois Uniform Gifts to Minors Act, identical in relevant part to the Missouri statute involved in this case. [3] In Stuit, we held that the value of stock transferred by the decedent to herself as custodian for each of her grandsons, pursuant to the Illinois Uniform Gifts to Minors Act, was includable in her gross estate pursuant to section 2038(a). She maintained a separate custodianship for each grandson, so that there was no possibility of shifting benefit from one minor to another. In so holding, we affirmed our view articulated in Estate of Jack F. Chrysler, 44 T.C. 55 (1965), reversed on other grounds, 361 F. 2d 508 (C.A. 2, 1966), and in Estate of Russell Harrison Varian, 47 T.C. 34, 40-44 (1966), affirmed per curiam, 396 F. 2d 753 (C.A. 9, 1968), involving essentially the same powers held by a trustee-transferor, both of which relied upon Lober v. United States, 346 U.S. 335 (1953), and Commissioner v. Estate of Holmes, 326 U.S. 480 (1946). *201 *202 Petitioner contends that the decedent's power, as custodian, was limited by an ascertainable standard and that the decedent had no power to affect the enjoyment of the assets in question. All of petitioner's contentions with respect to the presence of an ascertainable standard, namely, that the doctrine of ejusdem generis should be applied to the words "support, maintenance, education, and benefit" of section 404.040, Missouri Revised Statutes (see footnote 3, supra), or that the word "benefit," in any event, provides an independent ascertainable standard, were fully discussed in the Stuit opinion, supra, and we must reject petitioner's arguments on the basis of that opinion. Petitioner's second contention is that the decedent could affect only the time of 739 enjoyment and not the identity of the person enjoying the property, and that such a limited power of "pure acceleration" does not fall within the ambit of section 2038. But this situation also obtained in Dorothy Stuit, Transferee, Estate of Russell Harrison Varian, and Estate of Jack F. Chrysler, all supra. Petitioner attempts to distinguish the Lober and Holmes decisions, supra, on the basis that, in those cases, the *203 trustee-grantor had the power to "affect" the actual enjoyment of the gift property, whereas under the Uniform Gifts to Minors Act, the custodian may be required by court order to expend assets for the minor's support, maintenance, and education. Mo. Rev. Stat. sec. 404.040(3) (footnote 3, supra.) From this, petitioner concludes that decedent's powers were more restricted. The significant factor, however, is not that a Missouri court might have ordered the decedent to make distributions from the accumulated income or the stock for the support, maintenance, and education of his minor grandson, but rather that there was vested in the decedent an additional and significant retained discretionary power to distribute the accumulated income or the stock to his grandson, or to utilize them for the benefit of his grandson. The facts of this case bear witness to such discretionary power in that the ledger sheets for the custodial account at the Park National Bank reflect payments by the decedent between February 1964 and May 1965 in the amount of $1,860.99, which, according to the testimony of Bruce Randall Hawkinson, reflected checks which he had written against the custodial account, but *204 which were of necessity signed by the decedent. While section 404.040(3) may at times serve to prevent a custodian from retaining funds, neither that, nor any other section of the Uniform Gifts to Minors Act, serves to impede the custodian from expending funds for the benefit of or distributing assets to the minor. Cf. Dorothy Stuit, Transferee, supra; Estate of Russell Harrison Varian, supra, 47 T.C. at 43. Finally, petitioner argues that termination of the custodial arrangement while the beneficiary remains a minor is a meaningless act under Missouri law because of sections 475.030 and 475.125, Missouri Revised Statutes, [4] which pertain to guardianship. Petitioner maintains that a custodian who is not a parent, in the event that he desires to terminate the custodianship, must transfer the subject property to a court-appointed guardian who will, in effect, act as a successor custodian. We do not think that such a limitation on the power to terminate, even if it is assumed that the Missouri statutes operate as petitioner contends, would preclude the applicability *205 of section 2038, since it obviously would not annul the power of the decedent to affect enjoyment through discretionary use or non-use from time to time of the bulk of the funds for the benefit of the minor.[5] Moreover, we note that the plain language of the statute is permissive and not mandatory, for section 475.030, Missouri Revised Statutes (footnote [4], supra), provides that a guardian shall be appointed, "if the court finds the interest of the minor so requires." At the very least, petitioner has failed, in terms of meeting her burden of proof, to demonstrate that in the event of a complete termination of the custodianship by the decedent by means of a distribution of the stock of the David Copperfield Apartments, Inc., to Bruce Randall Hawkinson, the Missouri courts would have appointed a guardian to administer the stock on the latter's behalf. *206 Finally, we note that there can be no question with respect to the includability of the balance of the bank account at decedent's death derived from the dividend income from the David Copperfield stock. Indeed, petitioner makes no separate 740 contention with regard to such balance. As our findings of fact show, the account was also held by decedent as custodian. Such being the case and given the fact that the funds were derived from the custodian arrangement with respect to the stock, the balance in the account is also includable in decedent's gross estate under section 2038. United States v. O'Malley 383 U.S. 627 (1966); Estate of Russell Harrison Varian, supra, 47 T.C. at 45-46. Because of our decision in favor of respondent with respect to the applicability of section 2038, we need not reach the section 2035 issue presented to us. In order to reflect petitioner's concession with respect to another issue, Decision will be entered under Rule 50. Footnotes
1. All references, unless otherwise specified, are to the Internal Revenue Code of 1954, as amended.↩
2. SEC. 2035. TRANSACTIONS IN CONTEMPLATION OF DEATH. (a) General Rule. - The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, in contemplation of his death. SEC. 2038. REVOCABLE TRANSFERS. (a) In General. - The value of the gross estate shall include the value of all property - (1) Transfers after June 22, 1936. - To the extent of any interest therein of which the decedent has at any time made a transfer * * *, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person * * * to alter, amend, revoke, or terminate * * *.↩
3. Missouri Revised Statutes, section 404.040 (Vernon's Mo. Stat. Ann. (Supp. 1969)), which reads as follows: 404.040. Duties and powers of custodian * * * 2. The custodian shall pay over to the minor for expenditure by him, or expend for the minor's benefit, so much of or all the custodial property as the custodian deems advisable for the support, maintenance, education and benefit of the minor in the manner, at the time or times and to the extent the custodian in his discretion deems suitable and proper, with or without court order, with or without regard to the duty of himself or of any other person to support the minor or his ability to do so, and with or without regard to any other income or property of the minor which may be applicable or available for any such purpose. 3. The circuit court, on the petition of a parent or guardian of the minor or of the minor, if he has attained the age of fourteen years, may order the custodian to pay over to the minor for expenditure by him or to expend so much of or all the custodial property as is necessary for the minor's support, maintenance or education.↩
4. 475.030 Letters of guardianship issued, when 2. Letters of guardianship of the estate of a minor shall be granted whenever the estate of the minor is not derived from his parents or whenever such estate is derived from one parent, if the court finds the interests of the minor so requires. 475.125 Support and education of ward and dependents The probate court may make orders for the management of the estate of the ward, for the support and education of the ward, if a minor, for the restraint, maintenance and safekeeping of the ward and for the maintenance of his family and education of his children, if an incompetent, according to his means and obligations, if any, out of the proceeds of his estate, and may direct that payments for such purposes shall be made weekly, monthly, quarterly, semiannually or annually. * * * ↩
5. We also note that a court appointed guardian would have been restricted by section 475.125↩ (footnote 4, supra) to expenditures for the "restraint, maintenance and safekeeping" of the minor, a standard more limited than the "support, maintenance, education, and benefit" provided by the Uniform Gifts to Minors Act. But, even under petitioner's interpretation, decedent retained the power to terminate. Consequently, a termination coupled with the appointment of a guardian might well significantly affect the minor's enjoyment of the transferred property.