**GUERRERO, Dr. Floro G.**

v.

**STATE OF NEW JERSEY and New Jersey State Board of Medical Examiners**

**Appeal of Floro G. GUERRERO, M.D.,**

**No. 80–1136.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Sept. 19, 1980. .

Reargued Nov. 24, 1980.

Decided March 2, 1981.

Rehearing and Rehearing In Banc Denied June 26, 1981.

Paul X. McMenaman (argued), Paul X. McMenaman, P. A., McMenaman, Grasso & Orlovsky, Spring Lake Heights, N. J., for appellant.

Marc Arnold (argued), Deputy Atty. Gen., John J. Degnan, Atty. Gen. of N. J., Erminie L. Connley, Asst. Atty. Gen., Trenton, for appellee.

Before ADAMS, HUNTER and HIGGIN-BOTHAM, Circuit Judges.

OPINION OF THE COURT
PER CURIAM:

1. This is an appeal from an order of the United States District Court for the District of New Jersey denying appellant's request for a stay of state administrative proceedings in a medical malpractice action and granting appellees' motion for summary judgment.

2. Appellant, Dr. Floro A. Guerrero, was found guilty of gross medical malpractice by the New Jersey Board of Medical Examiners in violation of N.J.Stat.Ann. § 45:9–16 (West) (Supp.1980). The only issue before us is whether the New Jersey administrative procedure, as codified in N.J.Stat.Ann. § 52:14B–10(c) (West) (Supp.1980),[1] provid-

---

1. The statute provides:

All hearings of a State agency required to be conducted as a contested case under this act or any other law shall be conducted by an administrative law judge assigned by the Director of the Office of Administrative Law, except as provided by this amendatory and supplementary act. A recommended report and decision which contains recommended findings of fact and conclusions of law and which shall be based upon sufficient, competent, and credible evidence shall be filed, not later than 45 days after the hearing is concluded, with the agency in such form that it may be adopted as the decision in the case and delivered or mailed, to the parties of record with an indication of the date of receipt by the agency head; and an opportunity shall be afforded each party of record to file exceptions, objections, and replies thereto, and to present argument to the head of the agency or a majority thereof, either orally or in writing, as the agency may direct. The head of the agency, upon a review of the

ing for the hearing of cases in first instance by administrative law judges rather than the ultimate deciding agency, denies appellant due process or equal protection of the law. Because we find no constitutional infirmity in the New Jersey statutory scheme, we affirm the judgment of the district court.

3. Appellant's case was heard by an administrative law judge who then filed a written decision with the New Jersey State Board of Medical Examiners containing findings of fact and conclusions of law. Appellant's counsel filed written exceptions to the ALJ's factual findings and legal conclusions, appending excerpts from the hearing transcript. The Board then adopted the ALJ's decision "in its entirety and without modification" although it did in fact modify the recommended sanction. The essence of appellant's due process claim is that the Board's failure to take evidence and hear testimony itself deprived him of a meaningful right to be heard.

4. It has been settled since *Morgan v. United States*, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936), that in administrative adjudications, deciding officers need not actually hear the witnesses' testimony. Although the Court stated that "the one who decides must actually hear," it clarified its statement by indicating that it was permissible for a decision to be based solely on a considered review of the evidence and legal arguments. The Court held that "[e]vidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates.... [T]he officers who make the determination must consider and appraise the evidence which justifies them." *Morgan*, 298 U.S. at 481–82, 56 S.Ct. at 911–12.

■ 5. This court has adhered to the principle that administrative officers charged with a decision need not personally hear testimony but may instead rely on a written record. In *National Labor Relations Board v. Stocker Mfg. Co.*, 185 F.2d 451 (3d Cir. 1950), this court, relying on *Morgan* and *National Labor Relations Board v. Mackay Radio & Telegraph Co.*, 304 U.S. 333, 58 S.Ct. 904, 82 L.Ed. 1381 (1938) (in which the Court held that the NLRB could act solely upon transcribed records and oral arguments without the benefit of a report by the trial examiner who heard the testimony), held that:

> The doctrine of these cases clearly permits the Board to make its findings and predicate its orders upon the written record without hearing the witnesses testify or availing itself of findings and recommendations prepared by the officer who heard and observed the witnesses testify. Under the Mackay case, due process permits dispensing with the hearing examiner's report altogether. The Morgan opinion says that the officer who actually decides the controversy may do so on the basis of evidence taken by an examiner and thereafter sifted and analyzed by some other subordinate. Due process in administrative proceedings of the type now under consideration does not require that the testimony be evaluated by an officer who heard and observed the witnesses.

185 F.2d at 451.

Other circuits are in accord.[2] *Estate of Varian v. Commissioner of Internal Revenue*, 396 F.2d 753, 755 (9th Cir.), *cert. denied*, 393 U.S. 962, 89 S.Ct. 402, 21 L.Ed.2d 376 (1968) ("The Supreme Court's statement

---

record submitted by the administrative law judge, shall adopt, reject or modify the recommended report and decision no later than 45 days after receipt of such recommendations. Unless the head of the agency modifies or rejects the report within such period, the decision of the administrative law judge shall be deemed adopted as the final decision of the head of the agency. The recommended report and decision shall be a part of the record in the case. For good cause

shown, upon certification by the director and the agency head, the time limits established herein may be subject to extension.

**2.** As Professor Davis has concluded in his authoritative treatise, "[t]he Supreme Court has never imposed a greater requirement, and apparently no federal court has ever required deciding officers to hear the witnesses testify." 2 K.C. Davis, *Administrative Law Treatise* § 11.02 at 39 (1958).

that '[t]he one who decides must hear' . . . means simply that the officer who makes the findings must have considered the evidence or argument."); *Utica Mutual Insurance Company v. Vincent*, 375 F.2d 129, 132 (2d Cir.), *cert. denied*, 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967) ("Nothing in . . . [Morgan] . . . suggests that the decider must actually hear the witnesses or be furnished a report on their credibility; the thrust is quite the opposite."); *DeRemer v. United States*, 340 F.2d 712, 716 (8th Cir. 1965) ("As a matter of general administrative law, it is well settled, at least since the first and fourth '*Morgan*' cases . . . that administrative agencies may properly use subordinates in information-gathering and analysis."); *Southern Garment Mfrs. Ass'n v. Fleming*, 122 F.2d 622, 626 (D.C.Cir.1941) ("While 'the one who decides must hear', it must be remembered that 'hear' is used in the artistic sense of requiring certain procedural minima to insure an informed judgment by the one who had the responsibility of making the final decision and order.").

6. The Supreme Court recently considered and rejected an argument similar to appellant's in *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). That case involved a due process challenge to the provision of the Federal Magistrate's Act, 28 U.S.C. § 636(b)(1) (1976), enabling a district court judge to make a *de novo* determination of contested credibility assessments made by a magistrate without personally hearing the live testimony. Upholding the constitutionality of the statute, the Court analogized the Magistrate's Act procedures to administrative adjudications in which the ultimate fact finder does not hear the witnesses testify. Nothing in the *Raddatz* opinion indicates a retreat from *Morgan*; indeed the contrary is true.[3]

7. Appellant contends that because of the severity of the penalty involved—revocation of his professional license [4]—his case is distinguishable from the type of administrative proceeding contemplated by the *Morgan* line of cases. He believes that the vital interest at stake compels the Board of Medical Examiners actually to hear witnesses' testimony. We do not agree. Moreover, even if we found appellant's case distinguishable, an examination of the New Jersey administrative procedure would lead us to the conclusion that the requirements of due process have been satisfied. Engaging in the analysis required by *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976),[5] we do not believe that it is inconsistent with due process for the Board to make its decision on the basis of an ALJ's report containing findings of fact and conclusions of law, written exceptions thereto, and oral argument.

8. We hold that the procedure for administrative adjudications established by N.J.Stat.Ann. § 52:14B–10(c) (West) (Supp. 1980) does not violate appellant's right to due process of law. In addition, after considering the arguments made in appellant's briefs and oral argument, we fail to find a violation of equal protection. Accordingly, the judgment of the district court will be affirmed.

---

3. Even Justice Marshall's dissent recognized that "[a]dministrators are permitted to base factual findings on a record compiled before a hearing examiner who does not play a role in formulating the ultimate findings." 100 S.Ct. at 2424.

4. Although appellant's due process claim is premised on the possible revocation of his professional license, the actual sanction imposed by the Board of Medical Examiners was much less severe. While the Board suspended Dr. Guerrero's license for two years, the suspension was stayed contingent upon his contribution of forty hours per month of charitable public medical service, participation in a continuing medical education program, and certification in cardiopulmonary resuscitation.

5. In that case the Court emphasized three factors to be considered in determining whether the requirements of due process have been satisfied:
(a) the private interests implicated;
(b) the risk of an erroneous determination by reason of the process accorded and the probable value of added procedural safeguards; and
(c) the public interest and administrative burdens, including costs that the additional procedures would involve.