YOUNKIN *v.* BOLTZ ET AL.

[No. 111, September Term, 1965.]

340

*Decided February 9, 1966.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, OPPENHEIMER and McWILLIAMS, JJ.

*John J. Delaney* and *Joseph P. Blocher,* with whom was *R. Robert Linowes* on the brief, for the appellant.

*Hal I. Lackey,* with whom was *Hal Lackey* on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

· The Circuit Court for Montgomery County declared illegal the granting of a special exception for a medical ·clinic by the County Board of Appeals and thereby irked the applicant for

the exception to the point of taking an appeal. Judge Shure's reason for the reversal was because the then applicable ordinance of the County required the concurrence of at least three of the five members of the Board in the taking of any action or the making of any decision, and this Court in *Clark v. Montgomery County,* 235 Md. 320, had held, on June 19, 1964, that where only two members were at the required public hearing and a special exception was granted by those two and a third who had read the transcript and looked at the exhibits, the requirements of the ordinance had not been gratified and action taken was legally ineffective. The instant case presented a variation of the *Clark* factual situation. There were two hearings; three members of the Board attended both and the other two members attended only the second hearing. Only two of the three members who had been at both hearings voted to grant the exception and the requisite third vote (and a fourth) came from a member who had been at the second hearing only. Although he held that on the merits the Board's decision was justified—and that conclusion is not challenged here—Judge Shure ruled that under *Clark* the Board's action was illegal and ineffective in that only two of the three who had heard all the testimony voted to grant the exception.

A motion for reconsideration was filed on the ground that the case had become moot in that the Montgomery County Council had amended the law while the matter was pending on appeal to the Circuit Court and the new law, if it were applicable, made what the Board did valid. Judge Shure held that the changed law did not apply retrospectively and adhered to his initial views.

The first hearing on the appellant Younkin's petition was held on February 27, 1964. Ten witnesses gave one hundred sixty-four pages of testimony. The second hearing was held on April 9, 1964, and the three members who had been at the first hearing were joined by the other two members of the Board who had read the transcript of the testimony taken at the first hearing and had examined the record. Five additional witnesses gave fifty-four more pages of testimony at the second hearing. At the conclusion of the testimony at the second hearing, the matter was fully argued to the five members of the

Board by counsel for the petitioner and counsel for the protestants, with full and generally explicit references to particular witnesses and the essence of their testimony. On May 8, 1964, the Board adopted a resolution granting the requested special exception by the vote of four to one. On June 5, 1964, the protestants appealed to the Circuit Court. On September 1, 1964, while the appeal was pending, the Montgomery County Council adopted Ordinance Number 5-77 which amended §§ 104-22 (c) and (d) of the Montgomery County Code of 1960 to provide in (c) that "* * * not less than three members * * * shall constitute a quorum" (before the amendment no quorum had been specified but action or decision of the Board required the concurrence of "at least" three members); and in (d) to provide that all actions or decisions of the Board shall be taken by a resolution in which at least a majority of those participating must concur. These changes were designed to bring the law into agreement with the understanding of the Board and Council of the meaning of the decision of this Court in *Clark*.

We do not reach the question of whether the September 1964 amendment applied to the action of the Board taken on May 8, 1964, because we think that action was legal and valid under the law as it stood when it was taken.

The general rule in both the federal and state systems—although some states have decided otherwise, often on the particular unfairness of fact of the case being decided—is that in the absence of specific statutory direction to the contrary the deciding member or members of an administrative or quasi-judicial agency need not hear the witnesses testify. 2 Davis, Administrative Law Treatise § 11:02, pp. 40-41; 2 Cooper, State Administrative Law, 445-51 (1965); 2 Am. Jur. 2d *Administrative Law* § 437. Davis says, *op. cit. supra*, p. 40:

> "The [federal] Administrative Procedure Act, of course, assumes that deciding officers need not be present at the hearing * * *.
>
> "The law of nearly all state courts is as clear as the law of the federal courts that deciding officers need not be present when witnesses testify; this attitude is implicit in most of the state cases discussed in the ensuing two sections."

The general rule is that it is enough if those who decide have considered and appraised the evidence and the courts feel more satisfied that they have done so if they have heard argument. Davis, *op. cit. supra,* §§ 11:03 and 11:04; 2 Am. Jur. 2d *Administrative Law* § 439; see also § 435.

In the federal system neither the Supreme Court nor any lower court has ever required deciding officials to hear the witnesses testify, unless "hear" has been used "* * * in the artistic sense of requiring certain procedural minima to insure an informed judgment by the one who has the responsibility of making the final decision and order" (*Southern Garment Mfrs. Ass'n v. Fleming,* 122 F. 2d 622, 626). See *McGraw Electric Co. v. United States,* 120 F. Supp. 354 (E. D. Mo.), *aff'd,* 348 U. S. 804, 99 L. Ed. 635.[1]

For state court opinions taking the same view, see *Cooper v. State Board of Medical Examiners* (Cal., in Bank), 217 P. 2d 630; *State v. Board of Appeals* (Wis.), 124 N. W. 2d 809, 821. See also cases in the annotation in 18 A. L. R. 2d 606.

---

1. In the famous first Morgan case—Morgan v. United States, 298 U. S. 468, 80 L. Ed. 1288, the Court said: "The one who decides must hear." As Professor Davis points out in 2 Davis, Administrative Law Treatise § 11:02, p. 39:

"Although this statement has sometimes been taken out of context and interpreted literally, the Court immediately made clear that it did not mean that deciding officers must personally be present when evidence is taken, for the Court immediately said [pp. 481-82 of 298 U. S.]: 'Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates * * *.' "

See also 2 Cooper, State Administrative Law, p. 445: "It has probably never been the law that he who decides must hear. If ever it was, it is no more." Professor Cooper says (at page 446) of the "one who decides must hear" phrase in Morgan: "But even in announcing the ideal, the Court added that it was not to be applied in any literal, mechanical way * * *. The one indispensable requirement, the Court added, is that 'the officer who makes the determinations must consider and appraise the evidence which justifies them.' " See comment on the Morgan case by Oppenheimer (now Judge Oppenheimer of this Court) in his article entitled "The Supreme Court and Administrative Law," in 37 Colum. L. Rev. 1, 33-34 (1937).

The Maryland Administrative Procedure Act, applicable to state boards and agencies as defined, Code (1965 Replacement Vol.), Art. 41, §§ 244-56, contemplates (as does the model Administrative Procedure Act, 9C Uniform Laws Annotated, on which it was based) that in a "contested case" the evidence need not be heard by all those who will render the final decision. Section 253 provides:

"Whenever in a contested case, a majority of the officials of the agency who are to render the final decision have not heard the evidence, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision, including findings of fact and conclusions of law, has been served upon the parties, and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to a majority of the officials who are to render the decision, who shall personally consider the whole record or such portions thereof as may be cited by the parties."

*Clark* recognized that it was the accepted federal practice for absent members of administrative agencies to participate in decisions, provided they had familiarized themselves with the testimony; that this practice did not violate or affront due process and that many states had adopted the federal rule. We held in *Clark,* however, that the state cases holding "* * * that at least enough members to constitute a quorum for decision, be present at the public hearing, are more consistent with our construction of the ordinance in the instant case, and with our prior decisions" and that the Board's decision was improperly reached.

This construction of the ordinance could well have been based on its language that "action" by the Board must be taken by at least three members and the fact that the act of hearing the evidence in *Clark* was done by only two members. In any event, we see no reason to extend the holding in *Clark* to a case not precisely similar on the facts. There is no constitutional bar to what the Board did in the case before us and the ordinance did not in terms proscribe it. The policy of the State cannot

be said to be against it inasmuch as under the Administrative Procedure Act, a State agency by explicit legislative grant could validly have done what the Board did.

There was no procedural unfairness. The three members of the Board who heard all the evidence all participated in the decision and all the members of the Board had considered and appraised all the evidence, first by either hearing it first hand or by reading it, and second by hearing full argument which was directed to the strengths and weaknesses of the testimony for the respective sides. We think the Board's action was properly taken and, since its correctness on the merits is not questioned, the order of the Circuit Court reversing the Board will be reversed and the decision of the Board reinstated.

*Order reversed, with costs, and order of Board reinstated.*