KELADENE G. WHITE, Appellant-Appellee, *v.*
BOARD OF EDUCATION, STATE OF HAWAII,
et al., Appellees-Appellants

No. 5164

SEPTEMBER 27, 1972

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY ABE, J.

The District Superintendent of the Central District of Oahu of the Department of Education on October 7, 1969, suspended Keladene G. White, teacher, who had tenure as a counselor. Subsequently the Superintendent of the Department of Education, as provided by law, gave the teacher notice of the charges against her and of his intent to terminate her employment. The teacher, pursuant to HRS § 297-12, demanded a hearing.

A hearing was held before a hearing officer who was designated by the Board of Education as provided by § 297-12. The hearing officer on June 9, 1970, rendered his findings of fact, conclusions and recommendation and served his report upon the Board of Education and the teacher. In the report the hearing officer recommended the suspension of the teacher from October 1969 to the end of the school year 1969-70. Both parties filed exceptions to the report and a hearing was held before the Board of Education. After the hearing, the Board of Education rendered a decision and order upholding the action of the Superintendent terminating the services of the teacher.

This Decision and Order of the Board of Education was drafted by Roy M. Miyamoto, a deputy attorney general of the State, who had acted as counsel for the Superintendent and who had participated as an adversary

at the hearings. Also, before the rendition of this Decision and Order the teacher had not been served with a proposed final order drafted by the Board.

The teacher appealed from this order to the Circuit Court of the First Circuit. The appeal was on the record, and the trial court after oral arguments found in favor of the teacher and entered an order directing the Board of Education to reinstate the teacher to her former position as of the beginning of the school year 1970-71. The Board of Education appealed from this order.

It is correct that the teacher was not served with a proposed draft of the Board's final order. However, it is to be noted that the teacher after having been served with the hearing officer's report was advised by the Chairman of the Board that she was being afforded an opportunity to file exceptions to the "proposal for decision" meaning the report which the teacher had received from the hearing officer. Also, the teacher in filing exceptions to the report of the hearing officer assumed that such report had been adopted by the Board as its "proposal for decision." Then at the hearing before the Board, the teacher questioned whether the report of the hearing officer had been adopted by the Board as its "proposal for decision." The Board after taking a recess, informed the teacher that it had so adopted the report of the hearing officer and also inquired whether the teacher desired to have the hearing postponed to some other day, presumably to give the teacher an opportunity to file exceptions subsequent thereto. The teacher requested that the Board proceed with the hearing. Thus, we cannot see how the teacher was prejudiced by the failure of the Board in not having adopted the report of the hearing officer as its "proposal for decision" before it was served upon the teacher.

The next question is whether treating the hearing officer's report as the Board's "proposal for decision" fulfilled the procedural requirements of HRS § 91-11, or whether it was necessary that the teacher be served with

a proposal of the decision which eventually became the Board's final decision.

The general rule is that if an agency making a decision has not heard the evidence, it must at least consider the evidence produced at a hearing conducted by an examiner or a hearing officer. *Morgan v. United States,* 298 U.S. 468, 480-481 (1936) ; *Younkin v. Boltz,* 241 Md. 339, 216 A.2d 714 (1966) ; *see also* Annotation 18 A.L.R. 2d 606, 620; 2 K. DAVIS, ADMINISTRATIVE LAW TREATISE, Sec. 11.01, et seq.

The requirement of § 91-11[1] is that the party adversely affected by a proposed decision be given an opportunity to present exceptions and arguments. This requirement assures that an agency making the decision consider the evidence and record produced at a hearing, and at the least it mandates an agency to consider "such portions thereof ⌈i.e. of the record⌋ as may be cited by the parties."

Here, as it has been noted, the hearing officer's report had been treated by all of the parties as the Board's "proposal for decision" and accordingly exceptions were filed thereto, and a hearing was held before the Board in connection therewith. To require the Board to serve the teacher with the draft of its decision and to grant the teacher another opportunity to file exceptions and present arguments would add little towards meeting the requirement that the agency consider the record or at least "such portions thereof" cited by the teacher which it had already done and on the other hand would greatly increase the complexity of administrative decision mak-

---

[1] HRS § 91-11 reads as follows:

"§ 91-11 Examination of evidence by agency. Whenever in a contested case the officials of the agency who are to render the final decision have not heard and examined all of the evidence, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision containing a statement of reasons and including determination of each issue of fact or law necessary to the proposed decision has been served upon the parties, and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to the officials who are to render the decision, who shall personally consider the whole record or such portions thereof as may be cited by the parties."

ing.[2] As stated in Comment to Section 11 of The Revised Model State Administrative Procedure Act, Fourth Tentative Draft (1961) , "[t]he purpose of this section is to make certain that those persons who are responsible for the decision shall have mastered the record, either by hearing the evidence, or reading the record or at the very least receiving briefs and hearing oral argument. It is intended to preclude signing on the dotted line."

It would appear that the objective of this particular provision of § 91-11 was fully accomplished and we cannot see what more could have been done. Thus, we hold that under the record of this case the service of the hearing officer's report reasonably fulfilled the requirement that a "party adversely affected" be served with the proposed decision.[3]

Even if it were deemed that under the provisions of § 91-11 the teacher should have been served with the draft of the Board's final decision, as well as the hearing officer's report,[4] her actions as noted above constituted a waiver of this requirement. HRS § 91-9 (d) provides that "any procedure in a contested case may be . . . waived", including procedural requirements of § 91-11.[5] Thus, she is now estopped from raising the issue of non-compliance.

The record also shows that each member of the Board of Education who participated in the rendition of the final decision had considered the exceptions filed and had heard the arguments presented. We are also satisfied that

[2] If such were the requirement, it would mean that a proposal of the decision must be served every time a change or amendment is made to every draft of a decision until a decision is ready to be filed without a change whatsoever.

[3] Of course, it would be better practice for an agency to formally adopt a hearing officer's report as its proposed decision or to draft a tentative final decision and serve a copy upon the party adversely affected.

[4] Section 297-12 mandates a hearing officer to serve his "findings of fact and his conclusions and recommendations" on both the Board and teacher.

[5] Standing Committee Report No. 8, House Judiciary Committee, in reference to the enactment of HB No. 5, Act 103, SLH 1961, now HRS, Ch. 91, states that a provision for procedural waiver contained in Sec. 11 [HRS § 91-11] of the original bill had been deleted because Sec. 9 (d) of the same bill contains provision for waiver of any procedure. 1961 House Journal, 659-60.

they fulfilled the requirement of § 91-11 that all members of the Board who will render the decision "shall personally consider . . . such portions [of the record] thereof as may be cited by the parties." Courts of other jurisdictions have so construed similar statutes. *Younkin v. Boltz,* 241 Md. 339, 216 A.2d 714 (1966) ; *Cooper v. State Board of Medical Examiners,* 35 Cal. 2d 242, 217 P.2d 630 (1959) ; *Gateway City Transfer Co. v. Public Service Commission,* 253 Wis. 397, 34 N.W.2d 238 (1948) .

The teacher contends that the Board is bound by the recommendation of the hearing officer calling for her suspension and that it may not terminate her employment. To bolster this contention she cites *Universal Camera Corp v. National Labor Relations Board,* 340 U.S. 474 (1951) . That case is inapposite. In this case the hearing officer among other grounds had found that the charges of inefficiency against the teacher had been substantiated. One of the statutory grounds for dismissal is inefficiency and based on this finding of fact, the Board would have been justified in terminating her services. We cannot agree with the teacher's contention that even though the Board is mandated to "render the final decision in accordance with section 91-11" it is bound by the recommendation of the hearing officer. To accept this contention would make the quoted requirements of § 297-12 nugatory whenever a hearing officer is appointed to hear a case. If the Board is required to accept the recommendation of the hearing officer what purpose would be served by the requirement that "the board shall render the final decision in accordance with section 91-11"? Also, the right of the teacher to file exceptions and arguments with the Board would be a useless and meaningless effort.

On the other hand, is it the contention of the teacher that the Board is bound by a hearing officer's finding and recommendations only to the extent that it cannot increase the severity of the adverse result, but that the Board is free to mitigate or reverse such recommenda-

tions? In many cases where rights of multiple parties are involved such distinction would be wholly inoperable because lessening of the severity of punishment or burden upon one party may on the other hand increase the burden upon the other parties. Then, it would be absurd to hold that the agency is bound by a hearing officer's findings of fact, conclusions and recommendations even though such findings and recommendations are inequitable or unjust. We believe that the law authorizes the Board to reach a decision independent of the recommendation of a hearing officer and it does not require that the Board be merely a rubber stamp in reaching the final decision.[6]

We agree with the trial court that as Roy M. Miyamoto, deputy attorney general, had acted as counsel for the Superintendent in the adversary hearings, he should not have been consulted by the Board in its decision-making function.[7] Also, though the Superintendent is the Secretary of the Board, we believe in cases where the action of the Superintendent is the subject matter of the hearing, he should not participate in or even attend executive sessions where decisions are reached by the Board. These actions of the deputy attorney general and the Superintendent cast suspicion on the integrity of ·the hearing conducted by the Board and it must be deemed that procedural errors were committed. However, we believe. that under the record of this case, the trial court was not justified in reinstating the teacher to her tenured position for the two procedural errors mentioned above. Proper disposition was to remand to the Board for further consideration in accordance with proper procedure.

Reversed and remanded for a rehearing before the

[6]In fact the very purpose of HRS § 91-11 is to prevent the members of the Board from merely signing on the dotted line when they have not heard and examined the evidence.

[7]In cases of this nature, where the Board requires legal advice in its decision-making function, it should call in another deputy attorney general who had no part in the adversary hearing.

Board of Education on the exceptions filed to the Board's "proposal for decision."

*Roy M. Miyamoto,* Deputy Attorney General *(George Pai,* Attorney General, with him on the briefs) for appellees-appellants.

*Benjamin C. Sigal (Shim, Sigal & Ono* of counsel) for appellant-appellee.