JOSEPH RAMOS, Plaintiff-Appellant, *v.* LOCAL LIQUOR CONTROL COMMISSION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)   Nos. 77-508, 77-661 cons.

Opinion filed December 14, 1978.

Jack P. Rimland, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale, Philip L. Bronstein, and Robert Thompson, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The sole issue in this case is whether the appellant, whose license to operate a tavern was revoked after a hearing, was denied due process

---

because he was denied access to the report of the hearing examiner. We find no due process violation and affirm.

Ramos was charged by the Chicago Local Liquor Control Commission with aggravated battery and possession of an unregistered gun on licensed premises. There was a lengthy evidentiary hearing before deputy commissioner Handy. After this hearing, the mayor, acting as Local Liquor Control Commissioner (Commissioner) revoked Ramos' license. Ramos appealed to the local License Appeal Commission. One of his contentions there was that Handy's report, if any, to the Commissioner should be put in the record. This request was denied and the order of revocation affirmed.

Ramos then filed a complaint in the circuit court, alleging on information and belief that Handy had, after hearing all of the evidence, recommended disposition other than revocation and seeking production of the specific finding or recommendation. The circuit court first granted this motion, then, on rehearing, denied it. Ramos then sought unsuccessfully to subpoena Handy. After arguments the circuit court affirmed the license revocation.

The appellant has not set forth any of the testimony produced at the hearing, nor has the appellant contended on appeal to this court that that testimony does not support the Commissioner's determination. What he does contend is the circuit court deprived him of a full and complete hearing on administrative review, by denying him the opportunity to make an evidentiary showing, by way of discovery or by way of testimony, that the trier of fact had judged credibility in his favor.

## I.

To determine whether the appellant has been denied due process, it is essential to consider the relationship between the hearing examiner and the Commissioner. It is not true, as appellant contends, that questions of the credibility of the witnesses and sufficiency of the evidence can only be determined by the hearing officer since only he had the opportunity to observe the witnesses, to hear them and to question them. While it is true that "[t]he one who decides must hear" (*Morgan v. United States* (1936), 298 U.S. 468, 481-82, 80 L. Ed. 1288, 1295, 56 S. Ct. 906, 912), that court continued:

> "This necessary rule does not preclude practicable administrative procedure in obtaining the aid of assistants in the department. Assistants may prosecute inquiries. Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates. * * *. But there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of making determinations upon

evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them."

As the Illinois Supreme Court recently explained in *Homefinders, Inc. v. City of Evanston* (1976), 65 Ill. 2d 115, 128-29, 357 N.E.2d 785, 791-92:

"*Morgan* and other Federal decisions have consistently recognized that, in the absence of statutory provisions to the contrary, it is not necessary that testimony in administrative proceedings be taken before the same officers who have the ultimate decision-making authority. (*E.g., Anniston Manufacturing Co. v. Davis* (1937), 301 U.S. 337, 81 L. Ed. 1143, 57 S. Ct. 816; *Quon Quon Poy v. Johnson* (1927), 273 U.S. 352, 71 L. Ed. 680, 47 S. Ct. 346; *Estate of Varian v. Commissioner* (9th Cir. 1968), 396 F.2d 753; *NLRB v. Stocker Mfg. Co.* (3d Cir. 1950), 185 F.2d 451; see also Annot., *Administrative decision by officer not present when evidence was taken*, 18 A.L.R.2d 606 (1951).) They indicate to the contrary that administrative proceedings may be conducted by hearing officers who refer the case for final determination to a board which has not 'heard' the evidence in person. The requirements of due process are met if the decision-making board considers the evidence contained in the report of proceedings before the hearing officer and bases its determinations thereon. (*Morgan; Anniston Manufacturing Co.; Estate of Varian; Stocker Mfg. Co.*; see also 2 Davis, Administrative Law sec. 11.02 (1958); 2 Am. Jur. 2d *Administrative Law* sec. 437 (1962).) A substantial majority of State courts which have considered the question have come to the same conclusion. (*E.g., Bertch v. Social Welfare Department* (1955), 45 Cal. 2d 524, 289 P.2d 485; *City of Derby v. Water Resources Com.* (1961), 148 Conn. 584, 172 A.2d 907; *Hinrichs v. Iowa State Highway Com.* (1967), 260 Iowa 1115, 152 N.W.2d 248; *Clairborne v. Coffeyville Memorial Hospital* (1973), 212 Kan. 315, 510 P.2d 1200; *Younkin v. Boltz* (1966), 241 Md. 339, 216 A.2d 714; *Napuche v. Liquor Control Com.* (1953), 336 Mich. 398, 58 N.W.2d 118; *Foley Brothers, Inc. v. Commonwealth of Pennsylvania Department of Highways* (1960), 400 Pa. 584, 163 A.2d 80; *Tecumseh Products Co. v. Wisconsin Employment Relations Board* (1964), 23 Wis. 2d 118, 126 N.W.2d 520; contra, *McAlpine v. Garfield Water Com.* (1947), 135 N.J.L. 497, 52 A.2d 759.) We are in accord with the majority view and conclude that the requirements of procedural due process would be met under the Evanston Fair Housing Ordinance if those members who were not personally present at the hearings base their determination of penalties on the evidence contained in the transcript of such proceedings."

It must be acknowledged that the issue which the absent members were allowed to decide in *Homefinders* concerned the appropriate penalty to be imposed (by ordinance absent members could not participate in the determination of guilt); thus, the question was one of policy and not of credibility which had already been determined by those members present at the hearing. It has been suggested that a different rule is applicable where the issue is one of credibility. Thus, as the court in *Radaca v. United States Smelting, Refining & Mining Co.* (1945), 62 Ariz. 464, 470, 158 P.2d 540, 542, remarked:

> "* * * it might be well to observe that a fair and full hearing to litigants under the due process clause of the constitution requires that the examiner or referee who hears the evidence, where there is a sharp conflict in the testimony, must in some way participate in the decision or give his conclusions and impressions of such testimony by either written or oral reports. The basis for this is that where weight and credibility is to be given to testimony of witnesses, the litigants are entitled to have the person who conducts the hearing and sees the witnesses to at least have his conclusions and impressions reported to the fact-finding body. If a situation should arise where it could not be assumed that the observations and conclusions of the examiner had been communicated to the commission, and the evidence was in such conflict that the weight and credibility to be given testimony of the various witnesses was the determining factor, the due process rule relating to hearings might have to be applied."

Likewise, the court in *Crow v. Industrial Com.* (1943), 104 Utah 333, 337, 140 P.2d 321, 322, ruled that:

> "Where there is a conflict in the testimony, and the weight and credibility to be given testimony of the various witnesses is the determining factor, in order to accord a 'full hearing' to which all litigants are entitled, the person who conducts the hearing, hears the testimony, and sees the witnesses while testifying, whether a member of the board, or an examiner or referee, must either participate in the decision, or where, at the time the decision is rendered, he has severed his connections with the board, commission or fact finding body, the record must show affirmatively that the one who finds the facts had access to the benefit of his findings, conclusions and impressions of such testimony, by either written or oral reports thereof. This does not necessarily require that all of the commissioners must be present at the hearing, or even that the one hearing the evidence must concur in the result, but his opinion on the testimony must be available to the commission in making its decision."

And see *Southern Illinois Asphalt Co. v. Environmental Protection*

*Agency* (1973), 15 Ill. App. 3d 66, 303 N.E.2d 606, *aff'd* (1975), 60 Ill. 2d 204, 326 N.E.2d 406.

But the appellant is not contending that no report, oral or written was made. To the contrary, he contends that the hearing examiner did make a recommendation, which recommendation was favorable to Ramos. He has demanded disclosure of that recommendation on the ground that the hearing examiner, having made his determination after seeing the witnesses, the Commissioner could not overturn that determination and if he did, indeed, disregard that determination, then his action would be arbitrary. Appellant has not contended that, assuming the hearing examiner made a determination as to the credibility of the witnesses, that determination might affect this court's consideration of whether the administrative decision was supported by the substantial weight of the evidence.

■■ It is true that where the hearing examiner is required by statute to make a report, that report is part of the record and must be considered by the reviewing court. As the United States Supreme Court pointed out in *Universal Camera Corp. v. National Labor Relations Board* (1951), 340 U.S. 474, 496-97, 95 L. Ed. 456, 472, 71 S. Ct. 456, 469:

> "We intend only to recognize that evidence supporting a conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the Board's than when he has reached the same conclusion. The findings of the examiner are to be considered along with the consistency and inherent probability of testimony. The significance of his report, of course, depends largely on the importance of credibility in the particular case.
> ❋ ❋ ❋
> ❋ ❋ ❋the trend in litigation is toward a rational inquiry into truth, in which the tribunal considers everything 'logically probative of some matter requiring to be proved.' Thayer, A Preliminary Treatise on Evidence 530 ❋ ❋ ❋. Machinery for discovery of evidence has been strengthened; the boundaries of judicial notice have been slowly but perceptibly enlarged. It would reverse this process for courts to deny examiners' findings the probative force they would have in the conduct of affairs outside a courtroom."

■■ Nevertheless, it is clear that even under the Federal system where, unlike Illinois, the examiner is required to make a report, it is the agency, and not the hearing examiner, which is responsible for the decision and this responsibility "is wholly inconsistent with the notion that it has power to reverse an examiner's findings only when they are 'clearly erroneous.' " (*Universal Camera Corp. v. National Labor Relations Board* (1951), 340

U.S. 474, 492, 95 L. Ed. 456, 470, 71 S. Ct. 456, 467.) The agency is not only free to make its own decision, but must make its own decision based on the evidence in the record and it may accept or reject any of the hearing examiner's recommendations. (2 Am. Jur. 2d *Administrative Law* §438 (1962).) For that reason, we cannot agree with the appellant that if the Commissioner disregarded the hearing examiner's recommendation he must have been acting arbitrarily. And since the sole reason the appellant has sought the production of the report was to prove that the Commissioner's decision was arbitrary; and since the appellant has expressly stated that he does not contend that the Commissioner's determination is contrary to the manifest weight of the evidence, it is obvious that production of the examiner's report would serve no valid purpose. Therefore, we need not determine whether the trial court could ever require the production of such a report in a case where the issue is one of credibility and the appellant contends that the agency determination is contrary to the manifest weight of the evidence. Nor need we determine whether, in the absence of such a report, the trial court might give less deference than usual to the agency's findings of fact because if the agency rather than the hearing examiner made the determination it did so from a cold record, the same record available to the trial court. Compare *Lawcock v. United States Trotting Association* (1965), 55 Ill. App. 2d 211, 204 N.E.2d 802.

We would point out, however, as did the Illinois Supreme Court in *Des Plaines Currency Exchange, Inc. v. Knight* (1963), 29 Ill. 2d 244, 250, 194 N.E.2d 89, 92, *cert. denied* (1964), 376 U.S. 969, 12 L. Ed. 2d 84, 84 S. Ct. 1136, that "it is indisputable that the procedure of submitting the examiner's report to the parties prior to a final decision is desirable from a practical point of view * * *." Even though due process may not require such a disclosure, it would be better practice to disclose the examiner's findings, recommendations and conclusions.

However, for the reasons stated in this opinion, the judgment of the trial court is affirmed.

Affirmed.

JOHNSON, P. J., and LINN, J., concur.