**TULSA CLASSROOM TEACHERS ASSOCIATION, INC., an Oklahoma Corporation, John Hayes, Sue Bree, and Bill Schneider, all taxpayers of Tulsa County, State of Oklahoma, Appellants,**

v.

**STATE BOARD OF EQUALIZATION of the State of Oklahoma, Appellee.**

No. 51446.

Supreme Court of Oklahoma.

Oct. 2, 1979.

Ungerman, Ungerman, Marvin, Weinstein & Glass by Maynard I. Ungerman, and John B. Wimbish, Tulsa, for appellants.

Larry Derryberry, Atty. Gen. of Okl., and James H. Gray, Asst. Atty. Gen., for appellee.

HODGES, Justice.

This is an appeal from an order of the State Board of Equalization [Board] rendered on September 19, 1977. Action was originally taken by the Board on July 14, 1977, when it ordered the County Assessor for Tulsa County to reduce the gross real estate and improvement assessment by the sum of $17,748,300. Thereafter, in accordance with 68 O.S.1971 § 2465,[1] appellants filed a written complaint with the Board. It is provided by § 2465 that any taxpayer who is aggrieved by an order of the Board has an opportunity to file a complaint and introduce pertinent evidence. The Board appointed a hearing examiner to hear evidence on the complaint, and the proceeding was held September 8, 1977. The appel-

lants objected to the hearing being conducted by the examiner instead of the full Board.

Subsequent to the taking of the evidence, the hearing examiner made a finding and/or recommendation that appellants' protest should be rejected. The proposed order was not sent to the appellants, nor were they afforded an opportunity to file briefs and present oral argument to the Board. A special meeting of the Board was held on September 19, 1977. All of the Board members present voted to accept the examiner's findings. The transcript of the proceedings before the hearing examiner was not prepared until October 12, 1977. A transcript of the evidence presented before the hearing examiner was not available at the time of the special meeting of the Board, and the members of the Board voted to accept the examiner's findings without complying with the Administrative Procedures Act [APA], 75 O.S.1971 § 311, which provides:

"When in an individual proceeding a majority of the officials of the agency who are to render the final decision have not heard the case or read the record, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposed order is served upon the parties, and an opportunity is afforded to each party adversely affected to file exceptions and present briefs and oral argument to the officials who are to render the decision. The proposed order shall be accompanied by a statement of the reasons therefor and of each issue of fact or law necessary to the proposed order prepared by the person

1. It is provided by 68 O.S.1971 § 2465:

Any County Attorney or aggrieved taxpayer who shall within the time and manner provided by law filed a written complaint before the State Board of Equalization and shall introduce evidence pertinent to such complaint, shall have the right to appeal from the findings of the State Board, and for this purpose, the Secretary of said Board shall cause such evidence to be taken and preserved, and shall cause such complaint and evidence, with a full transcript of the orders of the Board thereon, to be transcribed and shall certify to the same.

Such transcript shall be filed by such County Attorney, or aggrieved person, in the Supreme Court, within ten (10) days from the adjournment of said State Board, which shall complete the appeal allowed by law. Such transcript shall, in due course, be examined and reviewed by said Court, and affirmed, modified or annulled as justice may demand; provided, that in order to perfect such appeal, the appellant shall file notice thereof, with the Secretary of the State Board of Equalization, within ten (10) days after the adjournment of said State Board.

who conducted the hearing or by one who has read the record. The parties by written stipulation may waive compliance with this Section."

Appellants urge that the action taken by the Board violates not only the statutory prescription but the procedural due process which is guaranteed to appellant by the Federal and State Constitutions. It is asserted that failure of the Board to take the evidence violated the provisions of 68 O.S. 1971 § 2465, and that by accepting the findings of the examiner, without submission to the appellants, violated the provisions of the APA.

## I

■ The Board readily admits that it did not follow the procedures mandated by the APA. The Board's rationalization for its failure to follow the APA is that because meetings and duties of the Board are governed by a separate statute, 68 O.S.1971 § 2463,[2] it does not come within the purview of an individual proceeding as defined by 75 O.S.1971 § 301(7). Even if this argument were accepted as true, the process by which the ad valorem taxes among the various counties were equalized under 68 O.S.1971 § 2463 is not being attacked in this appeal; rather, it is the method used by the Board in handling protests under 68 O.S.1971 § 2465 which is under scrutiny. While statewide equalization of ad valorem taxes arguable is not an individual proceeding, the hearing of a protest to that equalization most assuredly is. An individual proceed-

ing pursuant to the APA is the process employed by an agency for the formulation of an order. The definition of individual proceeding is certainly broad enough to encompass any order issued by the Board concerning protests. A proceeding which passes on the correctness of the county's ad valorem tax assessment ratio affects an individual's rights. These rights are as economically potent to the individuals affected as a license or any other benefit granted by other state agencies. The act of equalizing statewide taxes is not the issue here. The objection is to the handling of the appeal from that action. To deny that an individual is affected by the assessment ratio mandated by the State Board is to ignore the obvious.

## II

■ The appellants are in an ambivalent position. They desire to activate the provisions of the APA concerning notice and procedure, but do not wish to invoke the APA insofar as appointment of a hearing examiner is concerned. We believe the APA is applicable in both instances. The Board is not excluded by 75 O.S.1971 § 301(1) from the provisions of the APA; it is, therefore, included. The Board is procedurally governed by the provisions of the APA when the APA is not in express conflict with statutory provisions.[3] The APA by implication provides for hearings by hearing examiners pursuant to 75 O.S.1971 § 316, and § 311 recognizes that there may

2. The applicable statute, 68 O.S.1971 § 2463, provides in pertinent part:

"The Governor, State Auditor, State Treasurer, Secretary of State, Attorney General, State Examiner and Inspector and President of the Board of Agriculture shall constitute the State Board of Equalization, and said State Board of Equalization must hold a session at the Capitol of the State, commencing at ten o'clock a. m. on the fourth Monday in June of each year for the purpose of equalizing the property of the several counties. . . . It shall be the duty of said State Board to examine the various county assessments and to equalize, correct and adjust the same as between the counties by increasing or decreasing the aggregate assessed

value of the property or any class thereof, in any or all of them, to conform to the fair cash value thereof as herein defined, and to order and direct the assessment rolls of any county in this State to be so corrected as to adjust and equalize the valuation of the real and personal property of the several counties; provided, that no change in the assessed valuation of any county in this State shall be binding until ten days notice of said change shall have been given the Board of County Commissioners of said county and an opportunity given for a hearing on said change."

3. See *Brown v. Banking Board, 512 P.2d 166 (Okl.1973).*

be a subdelegation to a hearing examiner to take testimony and hear evidence.[4]

■ In the absence of a statute to the contrary, members of an administrative agency need not hear witnesses testify if they consider and appraise the evidence.[5] The general rule is that if any agency making a decision has not heard the evidence, it must at least consider the evidence produced at a hearing conducted by a hearing examiner,[6] and this requirement is satisfied if they have heard argument.[7]

■ The requirement of § 311 is that the party adversely affected by a proposed decision be given an opportunity to present exceptions, file briefs, and oral argument.[8] The purpose of the section is to preclude "signing on the dotted line" by agency officials; and to ascertain that the persons responsible for the decision have mastered the record, either by hearing the evidence, reading the record, or at the very least receiving briefs and hearing oral argument.[9]

Where a final decision is made by officials who did not hear the evidence but who rely upon a report of a hearing examiner, there is a risk that the ultimate decision may be based upon findings not supported by the evidence. It is essential to fair play and to minimize the risk of fundamental error that, prior to the submission of the examiner's report, it be made available to the parties. This simple compliance with the APA protects the party against either the possibility or the suspicion of miscarriage of justice and imposes no hardship on the agency.[10]

■ The transcript of the proceedings was not available until three weeks after the decision of the Board to adopt the findings of the examiner was reached. The Board did not hear the evidence, nor review the record. It was thus incumbent that the findings be submitted to the adverse party, and that briefs be filed and oral argument held.

■ It was not error for the Board to appoint a hearing examiner to receive and hear evidence concerning the complaint. It was error, however, for the Board to reach a decision and adopt the findings of fact and conclusions of law of the hearing examiner without affording notice and an opportunity of hearing to the appellants. This is an elementary fundamental right of procedural due process in any proceeding which is to be accorded finality, not only under the United States and Oklahoma Constitutions,[11] but pursuant to the APA, 75 O.S. 1971 § 311.

Reversed and Remanded with directions that appellants be permitted to: 1) file exceptions to the findings of the examiner, 2) present briefs and oral arguments to the Board.

LAVENDER, C. J., and BARNES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

WILLIAMS, J., dissents.

4. See *Application of Puget Sound Pilots' Ass'n, 63 Wash.2d 142, 385 P.2d 711, 714 (1973);* Baldridge v. Dept. of Registration and Education, 52 Ill.App.3d 568, 9 Ill.Dec. 661, 367 N.E.2d 95, 99 (1977).

5. *Younkin v. Boltz, 241 Md. 339, 216 A.2d 714, 715 (1966).*

6. *Morgan v. United States, 298 U.S. 468, 480–81, 56 S.Ct. 906, 80 L.Ed.2d 1288 (1936).* Annot., "Administrative Decision By Officer Not Present When Evidence Was Taken," 18 A.L. R.2d 606, 623 (1951).

7. 2 K. Davis, "Administrative Law Treatise," pp. 40–41 § 11:02 (1958).

8. *White v. Board of Education, 501 P.2d 358, 361 (Haw.1972).*

9. Commissioner Comments to Model Administrative Procedure Act from which § 311 was patterned.

10. *Winston v. Board of Education of Bor. of South Plainfield, 125 N.J.Super. 131, 309 A.2d 89, 92 (1973).*

11. *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1949); Bomford v. Socony Mobil Oil Co., 440 P.2d 713, 719 (Okl.1968).*