RICHARD W. YOU, M.D., Appellant, *v.* WAYNE C. MINAMI, Director of Department of Regulatory Agencies, and BOARD OF MEDICAL EXAMINERS, State of Hawaii, Appellees

NO. 7514

(CIVIL NO. 54135)

OCTOBER 29, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ., AND RETIRED JUSTICES OGATA AND MENOR, ASSIGNED TEMPORARILY

    *Per Curiam.* This is an appeal from a decision and order of the circuit court affirming the order of the Board of Medical Examiners which revoked the medical license of appellant Dr. Richard W. You. The lower court found that the Board did not violate HRS § 91-14(g) in adopting the hearing officer's recommendation that Dr. You's license to practice medicine be revoked because of gross carelessness

and unprofessional conduct as prohibited by HRS § 453-8(10). We affirm.

Dr. You alleges a number of procedural and substantive errors made by the Board and the lower court. Having examined the full and complete record, we dismiss his allegations as having neither factual nor legal support. The burden is upon him to show any irregularities, and he has failed in his burden.

During oral argument we raised the issue of the effect of the absence of the hearing transcripts during the HRS § 91-11 hearing[1] on the validity of the Board's decision. We asked for supplemental briefs on this issue, which were filed by both parties.

The rest of this opinion will be devoted to this one issue.

In accordance with HRS § 92-16(a)(3),[2] the Board delegated the hearing responsibility to a hearing officer. The hearing officer took

---

[1] § 91-11 (1976) *Examination of evidence by agency.* Whenever in a contested case the officials of the agency who are to render the final decision have not heard and examined all of the evidence, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision containing a statement of reasons and including determination of each issue of fact or law necessary to the proposed decision has been served upon the parties, and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to the officials who are to render the decision, who shall personally consider the whole record or such portions thereof as may be cited by the parties.

[2] [§ 92-16] (1976) *Power of boards to issue subpoenas, administer oaths, appoint masters, etc.* (a) Any board (which term as used in this section means any board or commission of the State or of any political subdivision of the State) which is by law authorized or required to hold hearings for the purpose of receiving evidence, shall have the following powers, in addition to those provided for by any other law, in connection with the hearings:

   .   .   .

(3) To appoint, by written resolution adopted by vote of a majority of the board, a master or masters (who may, but need not be, a member or members of the board, or a disinterested attorney at law or other person, or a combination of any of them) to hold the hearing and take testimony upon the matters involved in the hearing and report to the board his or their findings and recommendations, *together with a transcript of the hearing or a summary of the evidence and testimony taken thereat,* and to adopt the findings and recommendations, in whole or in part, or otherwise act upon the report and transcript or summary, and, in the board's discretion, to hold further hearings and take further evidence and testimony in connection therewith, before taking final action thereon. Any master may be paid such reasonable compensation as shall be determined by the board, provided that no member of the board shall be eligible to receive any additional compensation for services as master. (Emphasis added.)

evidence and testimony for thirteen days. A court reporter was present to record the proceedings. In addition, the proceedings were also recorded by tape.

Following these proceedings, the hearing officer made a 25-page report to the Board, containing a summary of the evidence, and recommended that Dr. You's license be revoked. The findings of fact and conclusions of law of the hearing officer was served upon Dr. You.

Thereafter, Dr. You took exceptions to this report. The Board allowed him to file briefs to support his exceptions. An HRS § 91-11 hearing was conducted by the Board and the exceptions were argued.

At the time of argument, the record is clear that the reporter's written transcript was not available. (As it turned out, the written transcript covered 2,000 pages in 13 volumes and took six months to transcribe.) The record is also undisputed that Dr. You did not request a copy of the transcript in order to prepare his exceptions and arguments. Available, however, were the tape recordings of the hearing officer, the documentary and other evidence introduced during the proceedings.

Our statute does not require that the transcribed record be available at the exception hearing, as evidenced by HRS § 91-9(f):

§ 91-9 (1976) *Contested cases; notice; hearing; records.*

. . . .

(f) It shall not be necessary to transcribe the record unless requested for purposes of rehearing or court review.

Consistent with the legislative intent that a transcript is not required at all times, HRS § 92-16(a)(3)[3] leaves it to the discretion of the hearing officer either to submit the transcript or a summary of the evidence.

In this case, a summary of the evidence was submitted by the hearing officer.

In *White v. Board of Education,* 54 Haw. 10, 501 P.2d 358 (1972), we quoted from the Revised Model State Administrative Procedure Act, Fourth Tentative Draft (1961), which states that "those persons who are responsible for the decision shall have mastered the record,

---

[3] *See* note 2 *supra.*

either by hearing the evidence, or reading the record or *at the very least receiving briefs and hearing oral argument* . . . ." (Emphasis added.) The record is clear that briefs were received and oral arguments were heard by the Board.

Consequently, we hold that the absence of the transcript does not invalidate the Board's decision, and we uphold the decisions of the lower court and the Board, which revoked the medical license of Dr. You.

Affirmed.

*Edward Y. N. Kim (Kim & Kim,* Attorneys at Law, of counsel) for appellant.

*Randall Y. Iwase, (R. Brian Tsujimura* with him on the answering brief), Deputy Attorneys General, for appellees.

DISSENTING OPINION OF NAKAMURA, J.,
WITH WHOM RICHARDSON, C.J., JOINS

I respectfully dissent, for the record fails to disclose the required "mastery of the record" made before the hearing officer on the part of the members of the Board of Medical Examiners who rendered the decision revoking Dr. You's license.