478 A.2d 1172

**HOWARD COUNTY, Maryland**

v.

**BAY HARVESTORE SYSTEM, INC.**

**No. 652, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Aug. 22, 1984.

Paul T. Johnson, Senior Asst. County Sol., with whom was Timothy E. Welsh, County Sol. for Howard County on the brief, for appellant.

No brief or appearance for appellee.

Argued before LOWE *, WEANT and GETTY, JJ.

WEANT, Judge.

█ Initially we point out that because appellee has dropped its request for the rezoning of 4.45 acres of land from the R Zoning District to the B–2 Zoning District of Howard County, the precipitating cause for this litigation no longer exists. Nonetheless, we feel obliged to perfect this appeal because of the practice of the Zoning Board of Howard County in allowing its members to participate in decisions of that Board when such participants were not present during the actual hearing on the subject matter. While this may now be considered a moot case, we are not constitutionally prohibited from deciding it. *Reyes v. Prince George's County*, 281 Md. 279, 292, 380 A.2d 12, 23 (1977). Consequently, for the reason that the action complained of herein is likely to reoccur, we deem it advisable to render a decision thereon even though a dismissal might be authorized under Rule 1035 b 8.

█ On 28 April 1982, the Howard County Zoning Board denied Bay Harvestore's petition for the rezoning of a 4.45 acre parcel. Bay Harvestore appealed the Board's decision to the Circuit Court for Howard County (Nissell J., presiding). Following a hearing on 8 April 1983, the court held that the Zoning Board's ruling was invalid because members of the Board who did not attend the actual rezoning hearing (but who had reviewed the record) participated in the decision to deny Bay Harvestore's petition. The circuit court struck the Board's ruling and remanded the case for a

---

* Judge Lowe participated in the hearing of the case and the decision thereon, but died before the opinion was filed.

rehearing in accordance with the Howard County Administrative Procedures Act and Zoning Board Rules of Procedure. Alleging that the circuit court's interpretation and application of certain provisions of those acts were erroneous, the Board filed the instant appeal. In it they present one issue for our consideration:

Is the Zoning Board of Howard County prohibited from permitting its absent members from later participating in a decision of the Board if the absent Board member becomes adequately familiar with the record of the hearing?

Bay Harvestore owned a 4.45 acre parcel of land located on the north side of Maryland Route 144 in Howard County. In September of 1981, Bay Harvestore filed a petition for a zoning reclassification with the five-member Board. Three of those five individuals were on hand at a 27 January hearing on Bay Harvestore's petition. The Board denied the request in a written order dated 28 April 1982. It stated that Bay Harvestore had failed to produce sufficient evidence of change, mistake or a denial of all reasonable use of the property in question to justify the requested rezoning. It was signed by three Board members, two of whom had been absent during the actual hearing but who certified that they had familiarized themselves with the record by listening to a tape recording of the proceedings. A dissenting opinion, in favor of granting the reclassification, was filed by two of the members who had sat at the January 27th hearing.

Disgruntled by the Board's decision, Bay Harvestore appealed to the circuit court. On appeal Bay Harvestore alleged, among other things, that the method employed by the Board was unfair and illegal because only three of the five members attended the hearing and, of those three, two favored the reclassification while only one opposed it. That single member became the majority when she was joined by the two members who had not actually observed the hearing but merely listened to the taped recording of it.

The circuit court found the practice of permitting absent members of the Board to participate in a decision, provided they had familiarized themselves with the testimony, was in accordance with standard State and federal procedures. *See Younkin v. Boltz,* 241 Md. 339, 216 A.2d 714 (1966). As the court correctly recognized, however, this general rule is applicable in "the absence of specific statutory direction to the contrary." 241 Md. at 342, 216 A.2d at 715.

The Zoning Enabling Act of Howard County, Howard County Code, Sec. 16.200, *et seq.* (1969, supp. 1982), contains such "statutory direction to the contrary," Sec. 16.206 of that Act states as follows: "All public hearings on zoning matters shall be conducted in accordance with the rules of procedure adopted by the zoning board *insofar as they do not conflict with the rules of administrative procedure promulgated by law....*"[1] (Emphasis added.) Though there is no provision in the rules adopted by the Board specifically addressing the problem at hand, Sec. 2.103 of the Howard County Code, Administrative Procedure Act, title "Adjudication" provides at subsection (d): *"The same officers to preside at the reception of evidence shall make the decision* required by this sub-title, *except where such officers become unavailable to the agency...."* (Emphasis added.)

The trial judge determined that the term "unavailable" should be construed "to mean retired, dead, insane, or otherwise incapacitated, and not merely unable to attend one particular hearing but still available in general to the agency." We agree. We further conclude that the trial judge was correct in his finding that the word "preside" as used in subsection (d) is synonomous with the words "sit"

---

1. The County Council of Howard County apparently made an effort to eliminate this provision by an amendment which purportedly was to have taken effect 11 December 1980. This effort was aborted, however, by the reenactment of Section 16.206 with the inclusion of the provision in question, effective 3 January 1981. Nonetheless, it is very doubtful that the circumvention of the "rules of administrative procedure promulgated by law" could be achieved by the proposed amendment.

or "attend." *See* Black's Law Dictionary (5th ed.), page 1066, wherein it is stated: "A judge may 'preside' whether sitting as a sole judge or as one of several judges." Having so found, the court properly determined that the members who were absent from the hearings on the issue in question could not, by the County law, participate in the decision which was ultimately arrived at, regardless of their familiarity with the testimony. We are also in accord with the decision of the trial judge that the only members who were entitled to make a determination on the matter were those three members who were present at the hearing of January 27.

Therefore, because two of these three dissented from the ultimate opinion, a majority of the members of the Zoning Board who were eligible to vote did not agree to grant or deny the petition as required by Sec. 2.415 of the Board's Rules of Procedure. Consequently, we will affirm the trial court in its finding that the petitioners were entitled to a rehearing.

*JUDGMENT AFFIRMED.*

*COSTS TO BE PAID BY APPELLANT.*