**Donna HALL, Respondent,**

v.

**JENNINGS SCHOOL DISTRICT, Appellant.**

**No. ED 82843.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 24, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 2004.

Application for Transfer Denied
May 25, 2004.

Thomas J. Mickes, Natalie A. Ruh, Doster, Mickes, James, & Ulllom, L.L.C., Chesterfield, MO, for appellant.

Sally E. Barker, Christopher N. Grant, Schuchat, Cook & Werner, St. Loius, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Jennings School District ("District") and Donna Hall ("Teacher") cross-appeal the judgment ordering Teacher reinstated to her position as a tenured schoolteacher due to *ex parte* contacts between District's Superintendent and the Board of Education during the Board's deliberations leading to Teacher's dismissal. We reverse and remand with directions.

Following a hearing, the Board of Education found that Teacher had been willfully insubordinate in the line of duty, terminated her contract and conditionally offered her a contract of employment as a probationary teacher for the coming school year. Teacher appealed the decision to the circuit court. Prior to trial, Teacher sought and received permission from the trial court to depose District's Superintendent to determine if he had had any *ex parte* contacts with the Board after completion of the hearing and prior to issuance of its order. The deposition was admitted into evidence at the hearing. At the conclusion of the hearing, the trial court rendered a written judgment

which included findings of fact and conclusions of law. The trial court found that the Board's decision on all five of Teacher's alleged acts of insubordination was supported by substantial and competent evidence upon the whole record. However, the trial court further found that District's Superintendent had, in fact, engaged in *ex parte* conversations with the Board and participated in its deliberations with regard to Teacher's case. The trial court found that this was a violation of Teacher's right to due process of law and that it precluded judicial review of the entire record because the communications between the Superintendent and the Board were undocumented. Based on these findings, the trial court reversed the decision of the Board and ordered Teacher reinstated to her former teaching position with full back pay and benefits.

■ On appeal, District does not challenge the trial court's determination that the Superintendent engaged in *ex parte* contacts with the Board during its deliberations and that Teacher's right to due process was violated.[1] Rather, Board maintains that the proper remedy should be to remand the matter to the Board for a rehearing, not reinstatement. Because this point challenges the action of the trial court and not the Board, our review is governed by the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We must uphold the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

Neither the parties nor our own research has disclosed a Missouri decision directly on point. The trial court found a violation of Teacher's due process rights

based in part on a Colorado Supreme Court decision addressing similar facts, *deKoevend v. Bd. of Educ. Of West End School*, 688 P.2d 219 (Colo.1984). In *deKoevend*, after an administrative law judge found a teacher had engaged in neglect of duty and insubordination and recommended termination, the school board met to consider the recommendation with the teacher and his wife present as well as the superintendent and principal, both of whom had testified at the hearing. *Id.* at 224. The board decided to consider the matter in executive session, a closed hearing at which only those invited by the board could be present. *Id.* The board invited the superintendent and principal to be present during the executive session but excluded the teacher and his wife. *Id.* The record did not disclose what transpired during the executive session, but at the conclusion of the session the teacher was dismissed from employment. *Id.* On appeal, the Colorado Supreme Court held that the presence of the superintendent and principal during the board's deliberations violated the teacher's due process right to a fair and impartial determination by the board. *Id.* at 228.

*deKoevend* is also instructive on the issue of the appropriate remedy for a post-hearing violation of a teacher's due process rights. After finding that the teacher's due process rights were violated by the presence of the superintendent and principal during the board's deliberations, the Colorado Supreme Court turned to the issue of the appropriate remedy. *Id.* Specifically, the Court considered whether the board could impartially perform its statutory review function upon remand for reconsideration or whether the teacher should be automatically reinstated to his

---

**1.** Although District asserts in a footnote that it is not waiving its position that Teacher's due process rights were not violated, it did not

brief the issue and it is therefore deemed abandoned. *State v. Tartenaar*, 371 S.W.2d 192, 195 (Mo.1963).

teaching position without further action by the board. *Id.*

The Court gave several reasons supporting its conclusion that reconsideration by the board, rather than automatic reinstatement, was the appropriate remedy. *Id.* First, nothing in the record remotely suggested that any board members had prejudged the facts of the case or manifested any bias or prejudice against the teacher. *Id.* Second, the state's Administrative Procedure Act expressly authorized a remand for further proceedings where the agency action is "not in accord with the procedures or procedural limitations of this article or as otherwise required by law." *Id.* at 229. Third, the board was the only tribunal authorized to make a decision on a teacher's retention or dismissal. *Id.* If not permitted to act, the provisions of the Colorado Teacher Tenure Act pertaining to the maintenance of professional responsibility and competence in the classroom of the public schools would be seriously thwarted. *Id.* Finally, remand for further proceedings would restore the teacher to his status prior to the procedural error and preserve his right to an impartial review by the board. *Id.* In contrast, automatic reinstatement would nullify the teacher's temporary suspension and would be the equivalent of the dismissal of the pending charges. *Id.* This would provide the teacher with an unwarranted windfall and ignore the significant public interest in requiring teachers, in performing their professional responsibilities, to abide by those standards of conduct and competence that are commensurate with the im-

portance of public education to our social well-being. *Id.* at 229–30.[2]

Each of these well-reasoned factors also support remand to the Board for reconsideration in this case. Nothing in the record before this court even remotely suggests that any member of the Board had prejudged the facts of the case or manifested any bias or prejudice against Teacher. Indeed, there are indications in the record that more than one Board member was not comfortable with terminating a teacher with such lengthy tenure. Our Administrative Procedure Act likewise authorizes the court to remand the case for reconsideration and specifically admonishes the reviewing court not to substitute its discretion for the discretion legally vested in the agency. Section 536.140.5 RSMo 2000.[3] Remand for reconsideration would restore Teacher to her status prior to the procedural error and preserve her right to impartial review by the board.

We note that Teacher's status prior to the Board's procedural error was suspension with pay. Section 168.116.4 specifically provides that if a decision to terminate a teacher's employment by the board of education is appealed, and the decision is reversed, the teacher shall be paid her salary lost during the pendency of the appeal. If the rule were otherwise, the Board's deliberations on reconsideration could well be tainted by financial considerations because a decision to terminate would relieve the District from paying back pay.

Teacher urges, however, that remand for reconsideration is not an available rem-

2. In support of its holding, the Colorado Supreme Court relied on the following cases holding that remand, not automatic reinstatement, is the appropriate remedy for purely procedural violations. *District of Columbia v. Gray,* 452 A.2d 962 (D.C.App.1982); *White v. Board of Education,* 54 Haw. 10, 501 P.2d 358 (1972); *Puglisi v. School Committee of*

*Whitman,* 11 Mass.App. 142, 414 N.E.2d 613 (1981); *Miller v. Independent School District,* 609 P.2d 756 (Okla.1980); *DiCello v. Board of Directors of Riverside School District,* 33 Pa. Commw. 39, 380 A.2d 944 (1977).

3. All statutory references are to RSMo 2000.

edy in view of the provisions of section 168.120.4.

Section 168.120.4 provides:

If the circuit court finds for the teacher, he shall be restored to permanent status and he shall receive compensation for the period during which he may have been suspended from work, and such other relief as may be granted by the court.

The difficulty with this contention is that the circuit court specifically found that there was substantial evidence to support each of the five alleged acts of insubordination found by the Board. Under such circumstances, it is difficult to characterize the trial court's judgment as a finding "for the teacher." The trial court found a procedural irregularity of the type that in a civil action would ordinarily result in a new trial, not judgment for the party prejudiced by the error.

In this regard, we find it significant that two separate provisions of the statute provide for back pay during the pendency of the appeal. Section 168.116.4 provides for back pay if the board's decision is appealed and reversed, while section 168.120.4 provides back pay and restoration to permanent status if the court finds "for the teacher." The existence of these separate provisions strongly suggests that the legislature contemplated that there would be circumstances that would warrant reversal of the Board's decision but nonetheless, would not be considered a finding "for the teacher." We find that this is such a circumstance.

Teacher cites numerous Missouri cases for the proposition that teachers in Missouri have been routinely reinstated to permanent status due to procedural defects. Many of these cases involved insufficiency of the evidence to support termination. These are clearly findings for the teacher. Remand for reconsideration

would not cure the deficiency. *See, e.g., Carter County School Dist. v. Palmer,* 582 S.W.2d 347 (Mo.App.1979) and *Stewart v. Bd. of Educ.,* 574 S.W.2d 471 (Mo.App. 1978). Many others involve deficient or defective notice of the charges, a defect which again cannot be cured by the remand for reconsideration. *See, e.g., Blue Springs Reorganized School Dist. IV v. Landuyt,* 499 S.W.2d 33 (Mo.App.1973); *Dameron v. Bd. of Educ.,* 549 S.W.2d 671 (Mo.App.1977); *Long v. School Dist. of University City,* 777 S.W.2d 944 (Mo.App. 1989); *Jefferson Consol. School Dist. C–123 v. Carden,* 772 S.W.2d 753 (Mo.App. 1989); *Pollard v. Bd. of Educ.,* 533 S.W.2d 667 (Mo.App.1976). Nor in many of the foregoing cases it is clear that the school district sought remand for reconsideration as District has in this case.

We hold that the appropriate remedy for the procedural defect found by the trial court in this case is remand to the Board for reconsideration untainted by *ex parte* contact by the Superintendent. On remand to the trial court, the court shall restore Teacher to her suspended status with pay pending a decision by the Board on remand, award back pay for the period of the pendency of the appeal, and award Teacher her attorney's fees incurred in prosecuting her appeal in the trial court and in this court.

■ In her cross-appeal, Teacher challenges various rulings of the Board. As to these points, we review the findings of fact and decision of the Board, not the judgment of the trial court. *City of Cabool v. Missouri State Bd. of Mediation,* 689 S.W.2d 51, 53 (Mo. banc 1985). Our review is limited to a determination of whether the decision is supported by substantial and competent evidence upon the whole record, whether it is arbitrary, capricious or unreasonable, and whether the

Board abused its discretion. *Franklin v. Bd. of Directors School Dist. of Kansas City*, 772 S.W.2d 873, 877 (Mo.App.1989); sec. 536.140.2. The evidence will be considered in the light most favorable to the school board's decision, together with all inferences that support it. *Id.* There is a strong presumption in favor of the school board's discretion in matters affecting school management. *Id.* at 877–78.

We have carefully reviewed the administrative record and the authorities cited in Teacher's brief. We find that termination of Teacher for insubordination was not arbitrary or an abuse of the Board's discretion and authority. The Board's construction of "insubordination" did not prejudice Teacher and was not materially different from the construction urged by Teacher. The Board is not required to make a specific finding as to whether the administration had met and conferred with Teacher and the record establishes that the administration did comply with this statutory requirement. The Board's findings and conclusions concerning charge number five were not deficient and were not based on hearsay. In any event, its findings on the remaining charges are sufficient to sustain the Board's action. Extended discussion of these points would be of no precedential value. They are denied pursuant to Rule 84.16(b).

The judgment of the circuit court is reversed and the cause is remanded for further proceedings consistent with this opinion.

BOOKER T. SHAW, P.J., and GEORGE W. DRAPER III, J., concur.