ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OFFICIAL OPINION REGARDING PROCEDURES BEFORE THE COUNTY BOARD OF EQUALIZATION. AS YOUR QUESTIONS MAY BE ANSWERED BY REFERENCE TO SPECIFIC STATUTES AND CASE LAW IN THE STATE OF OKLAHOMA, IT DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL RESPONSE AT THIS TIME. YOUR FIRST QUESTION IS CONCERNED WITH WHETHER, PURSUANT TO 68 O.S. 2459 [68-2459] (1986), THE COUNTY BOARD OF EQUALIZATION MAY DELEGATE TO A HEARING EXAMINER THE RESPONSIBILITY TO CONDUCT HEARINGS FOR THE PURPOSE OF EQUALIZING, CORRECTING, OR ADJUSTING ASSESSED VALUATIONS. IN TULSA CLASSROOM TEACHERS ASSOCIATION V. STATE BOARD OF EQUALIZATION, 601 P.2d 99 (OKL. 1979), THE SUPREME COURT DISCUSSED THE HEARING PROCEDURE BEFORE THE STATE BOARD OF EQUALIZATION. IN THAT CASE, THE SUPREME COURT FOUND THAT IN HEARINGS BEFORE THE STATE BOARD, THE BOARD WAS SUBJECT TO THE ADMINISTRATIVE PROCEDURES ACT, TO THE EXTENT THAT ACT DID NOT CONFLICT WITH SPECIFIC STATUTES. OF PARTICULAR SIGNIFICANCE WAS THE SUPREME COURT'S DECISION THAT THE APA BY IMPLICATION PROVIDES FOR HEARINGS BY HEARING EXAMINERS PURSUANT TO WHAT IS NOW CODIFIED AS 75 O.S. 316 [75-316] AND 75 O.S. 311 [75-311] (1981). THE COURT THUS NOTED THAT THOSE SECTIONS RECOGNIZE THAT THERE MAY BE A SUBDELEGATION TO A HEARING EXAMINER TO TAKE TESTIMONY AND HEAR EVIDENCE, REGARDLESS OF WHETHER THERE IS A SPECIFIC STATUTE AUTHORIZING SUCH A PROCEDURE. A COPY OF THIS CASE IS ENCLOSED FOR YOUR CONVENIENCE. OF COURSE, 68 O.S. 2459 [68-2459] (1986) MAKES CLEAR THAT THE ULTIMATE DECISION WITH RESPECT TO THE EQUALIZATION OF A PARTICULAR PIECE OF PROPERTY AFTER HEARING LIES WITH THE COUNTY BOARD OF EQUALIZATION. QUESTIONS 2, 3, AND 4 OF YOUR OPINION REQUEST ARE LIKEWISE ANSWERED BY REFERENCE TO THE ADMINISTRATIVE PROCEDURES ACT. THUS, 75 O.S. 311 [75-311] PROVIDES THE PROCEDURE WHERE A HEARING EXAMINER HAS HEARD THE INITIAL EVIDENCE, 75 O.S. 312 [75-312] DELINEATES THE CONTENTS OF A FINAL ORDER, AND 75 O.S. 309 [75-309] AND 75 O.S. 310 [75-310] RELATE TO THE TYPES OF EVIDENCE WHICH MAY BE RECEIVED AT THE HEARING. COPIES OF THESE STATUTES ARE ENCLOSED FOR YOUR CONVENIENCE, AS WELL. FINALLY, YOU ASK WHETHER A COUNTY BOARD OF EQUALIZATION MAY REFUSE TO CONSIDER AND RULE UPON A PROTEST. IT IS CLEAR THAT 68 O.S. 2469 [68-2469] AND 68 O.S. 2460 [68-2460] OF THE STATUTES MANDATE THAT THE COUNTY BOARD CONSIDER AND RULE UPON PROTESTS PROPERLY FILED BEFORE IT. (SUSAN BRIMER LOVING)